## WATKINS & MUCKLESTON VS. STEVENS.

Under the rule, an attorney should endorse his *place of residence* on papers served in a cause.

Where Plaintiffs' attorney served copy declaration without endorsing his place of residence on it, and the residence was not ascertained by Defendant's attorney, until after twenty days had expired, and the Defendant's default had been entered: *held,* that Plaintiff was irregular; the default and subsequent proceedings were set aside.

It is incumbent on the Defendant in such a case, to use *due diligence* in ascertaining the residence of Plaintiffs' attorney, otherwise no costs will be allowed him on granting the motion.

*February Special Term,* 1847. *Motion by Defendant to set aside default and all subsequent proceedings.*—It appeared from the affidavit of the Defendant, that he resided in Livingston county, and that a copy declaration in this cause, (in an action of assumpsit,) was served on him on the 5th of October, 1846, that within six or eight days thereafter, he retained

his attorney to defend the suit, who also resided in Livingston county; about four or five days afterwards, his attorney called upon him, and enquired where Plaintiffs' attorney resided, to which he replied he did not know, and could give no information on the subject, and did not know of any person that could.

Defendant swore to merits. Defendant's attorney stated that after he had prepared the pleas in the cause, he found, on examination of the copy declaration served on Defendant, that the place of residence of the Plaintiffs' attorney was no where written or endorsed thereon; that the notice to plead required the Defendant to plead thereto, within twenty *years* after service of a copy, &c.; he did not suppose that the Defendant was obliged to plead to the declaration within the usual time, to wit: twenty days, he however prepared the pleas within twenty days. He was not acquainted with Plaintiffs' attorney by reputation, or otherwise, and never had any information as to his place of residence, until the 28th of November last. He made enquiries of other persons besides the Defendant, as to the residence of Plaintiffs' attorney, but was unable to find it; that on the 28th of November last, he ascertained from Williams' Register of 1840, that Joseph Mullin, an attorney, at that time resided in Watertown, Jefferson county, which was all the information he had on the subject; and on that day he served two pleas and a notice of set-off, by mail, directed to J. Mullin, Watertown, Jefferson county, and paid the postage, and informed him in the letter the reason why the papers were not served sooner, which was, that he was unable to find out his residence. On the 8th of December last, he received a letter from Mullin enclosing the pleas, in which letter he stated that Defendant's default for not pleading, and a rule for a writ of inquiry had been entered, and that he could not waive the default and accept the pleas. The declaration was upon the common counts in assumpsit, the venue laid in Jefferson county; no bill of particulars of Plaintiffs' demand furnished. The pleas were the general issue, statute of limitations and notice of set-off.

On the part of the Plaintiffs, it was shown that the sheriff of Livingston county, who served the declaration, resided but a few miles from the Defendant's residence, and the Defendant might have learned the place of residence of Plaintiffs' attorney, by calling on the sheriff, as the letter to the sheriff stated the residence, and the return of the sheriff to the Plaintiffs' attorney of the service of the declaration, was duly received by Plaintiffs' attorney, at his place of residence in Watertown. That the venue in the cause was laid in Jefferson county, and the indebtedness was stated in the declaration to have accrued at Watertown, in the county of Jeffer-

son: and also that the name and place of residence of Plaintiffs' attorney had been published in every State Register issued since 1840, as well as in Williams' Register of that year. In regard to the notice to plead being stated "twenty years," instead of twenty days, as mentioned in the moving papers, Plaintiffs' attorney stated that the copy declaration served was compared with the original before it was sent to the sheriff, and he believed was a true copy of the original, and the *notice on the* original was "twenty days."

Defendant produced the copy served on him, which was plainly written "twenty years."

Plaintiffs' counsel insisted that the Defendant could not have been misled by it, as it was evidently a clerical mistake, and Defendant's attorney so understood it undoubtedly, as he prepared his pleas within twenty days, and that his appearance in the cause had waived the irregularity, if any.

P. CAGGER, *Defts Counsel.*     H. CHAMBERLIN, *Defts Atty.*
D. BURWELL, *Plffs Counsel.*     J. MULLIN,· *Plffs Atty.*

BEARDSLEY, Justice—Granted the motion, (*no costs to either party,*) on the ground that the Plaintiffs' attorney should have endorsed his residence on the narr served, he was irregular in that respect, but did not think the Defendant had used due diligence in ascertaining the residence; therefore no costs were allowed.