JOHN GRIBBON et al., Respondents, *v.* JOHN FREEL, Impleaded, etc., Appellant.

Under the provision of the Code of Civil Procedure (§ 638), requiring the service of the summons, in an action wherein an attachment has been granted, " within thirty days after the granting thereof," when the thirtieth day comes on Sunday it must be excluded, and a service upon the next day meets the requirement (§ 788).

Where a summons issued out of the Marine Court of the city of New York, in an action wherein an attachment and order directing service by publication was granted, which stated the time within which defendant was required to answer at six days, instead of ten, as required by the Code of Civil Procedure (§ 3165, subd. 2), *held,* that the defect was not a jurisdictional one but an irregularity merely; that the court obtained jurisdiction of the action from the time of granting the attachment (Code, § 416); that the summons, therefore, was amendable (§ 723); and that an order amending it *nunc pro tunc* was properly granted.

(Submitted June 19, 1883; decided June 26, 1883.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York,

made May 16, 1883, which reversed an order of the General Term of the Marine Court of that city, affirming an order of Special Term, denying a motion to vacate and set aside an attachment issued herein and directing the amendment to the summons *nunc pro tunc* as to defendant, John Freel, so that the time for the defendant to answer should read "ten days" instead of six, as stated in the summons.

The material facts are stated in the opinion.

*William Blaikie* for appellants. The summons was served within the statutory time. (*Marvin* v. *Marvin*, 75 N. Y. 242; Code of Civil Pro., §§ 638, 787, 788.) The insertion of "six" days instead of "ten," in the summons, did not make it void. (Laws 1874, chap. 545, § 1; Code of Civil Pro., § 3165, subd. 2; *Watkins* v. *Stevens*, 3 How. Pr. 28; *Clapp* v. *Graves*, 26 N. Y. 416; McNamara on Nullities, 2, 3, 6; *Holmes* v. *Russell*, 9 Dowl. 487; *McCoun* v. *N. Y. C. & H. R. R. R. Co.*, 50 N. Y. 179–183; *Bardes* v. *Covill*, 4 Cow. 60; *Bradbury* v. *Van Alstyne*, 45 Barb. 195.) The summons was amendable. (Code of Civil Pro., § 723; McAdam's Appendix to Marine Court Practice, 4.) Service of the order on the attorney who appeared specially for defendant at first (but who has since signed his name regularly attorney for appellant) is good, because of the well-settled principle, that notice to the agent is notice to his principal. (*B'k of U. S.* v. *Davis*, 2 Hill, 451; Story on Agency, § 140; Dunlap's Paley on Agency, 262.)

*Adolph Ascher* for respondents. The Marine Court had no power to allow an amendment of the summons after it had been divested of jurisdiction by the omission to serve a proper summons within the time prescribed by law. (Code of Civil Pro., § 3165, subd. 2; id., §§ 416, 638, 3170; *Blossom* v. *Estes*, 22 Hun, 472; 84 N. Y. 614; *Donnell* v. *Williams*, 21 Hun, 216; *Majorietta* v. *Saenz*, 80 N. Y. 547; *Bogart* v. *Sweezey*, 26 Hun, 463; *Taylor* v. *Troncoso*, 76 N. Y. 599; *Clarke* v. *Boreel*, 21 Hun, 594.) The summons was served after the ex-

piration of thirty days from the granting of the warrant. (Code of Civil Pro., §§ 638, 788; *Marvin* v. *Marvin*, 75 N. Y. 240.)

EARL, J.   A summons for the commencement of this action was issued out of the Marine Court of the city of New York, in which the defendant Freel, who was a non-resident of the State, was required to answer in six days.   The summons was in the form generally required to be used in that court. (Code, § 3165.)   Thereafter, on the 16th day of June, 1882, the plaintiffs obtained a warrant of attachment from the same court, by virtue of which Freel's property within the State was attached, and on the 14th day of July thereafter, they procured an order for the publication of the summons against him.   Subsequently, on the 17th day of July, the summons was personally served on him without the State.

Thereafter, Freel, by counsel, who appeared specially for that purpose, made a motion to vacate the attachment on the grounds that the summons was not served within thirty days after the granting of the attachment, and also that it required him to answer within six days instead of ten days ; and the motion was denied at the Special Term of the Marine Court, and an order was made that the summons be amended *nunc pro tunc* as to Freel, so that it should read that the time within which to answer and serve a copy of his answer on plaintiff's attorney be ten days, and that the summons have the like force and effect as if it had originally read ten days instead of six, and that the service of a copy of the order on Freel's attorney be sufficient service and notice to him that the summons had been so amended, and that he have until the expiration of ten days to serve his answer.   From the order of the Special Term he appealed to the General Term of the Marine Court, where it was affirmed.   He then appealed to the Court of Common Pleas, where the orders of the Marine Court were reversed. The plaintiff then, by leave of the Court of Common Pleas, brought this appeal.

We are of opinion that the summons was served in time.

The day on which the service was made was the thirty-first day after the granting of the attachment. But the 16th day of July was Sunday, and hence the service on the next day was in time under section 788 of the Code, which provides that, if the last day in such a case occurs on Sunday, it must be excluded from the count. Thus the service was made within thirty days, as required by section 638.

Subdivision 2 of section 3165 of the Code provides that " when an order directing personal service of the summons without the city of New York, or by publication, is granted, the summons must state that the time within which the defendant must serve a copy of his answer, is ten days after service thereof, exclusive of the day of service." This summons should, therefore, have required the defendant to answer within ten days instead of six.

The Marine Court obtained jurisdiction of the action from the time of the granting of the attachment. (Code, § 416.) That section provides that " a civil action is commenced by the service of a summons ; but from the time of the granting of a provisional remedy, the court acquires jurisdiction and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional and liable to be divested in a case where the jurisdiction of the court is made dependent by a special provision of law, upon some act to be done after the granting of the provisional remedy." The claim of the defendant is that the court lost jurisdiction because the summons requiring the defendant to answer within ten days was not served upon him within the time required by the statute ; that the service of a summons requiring him to answer within six days was to be treated as if no summons whatever had been served upon him.

But the summons was not an absolute nullity. The insertion of six days instead of ten was an irregularity merely. The defect could have been waived by the general appearance of the defendant, or consent, express or implied. A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erro-

1883.] PEOPLE, ex rel. FLANAGAN, v. B'D POLICE COMM'RS. 97

Statement of case.

neous, to be corrected by motion or by appeal. ( *Watkins* v. *Stevens*, 3 How. Pr. 28; *Clapp* v. *Graves*, 26 N. Y. 418; *McCoun* v. *The N. Y. C. & H. R. R. R. Co.*, 50 id. 176; *Bradbury* v. *Van Nostrand*, 45 Barb. 194; *Holmes* v. *Russel*, 9 Dowl. 487.) The summons was, therefore, amendable under section 723 of the Code, which provides that "the court may upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect." That section applies to the Marine Court, which is a court of record, and gave ample power to that court to amend the summons.

We are, therefore, of the opinion that the order of the Court of Common Pleas should be reversed, and that of the Marine Court affirmed, with costs.

All concur, except ANDREWS, J., absent, and RAPALLO, J., not voting.

Ordered accordingly.