GEORGE A. FISHER, RESPONDENT, v. GEORGE DOUGHERTY, APPELLANT.

*Practice — power of the court to allow additional affidavits to be read on a motion to vacate an attachment — to order such affidavits to be filed* nunc pro tunc *— a party accepting a payment under an order cannot thereafter object to such order.*

Upon the hearing of a motion to vacate an attachment, made by the defendant upon the papers upon which it was granted, the plaintiff was allowed, without

objection on the part of the defendant, to read two additional affidavits establishing the non-residence of the defendant and the plaintiff's inability to serve him within the State. Thereupon, an order was made permitting the plaintiff, on paying ten dollars to the defendant, to amend his proceedings by filing the said affidavits, as of the date of the issue of the attachments, and amending; the former order and other proceedings so as to conform thereto, and directing that if this were 'done the motions were denied, but if not done, they were granted, with ten dollars costs. The ten dollars were immediately paid to the defendant's attorney, who at first accepted the money but offered, a few days later, to return it to the plaintiff's attorney, who refused to receive it. Upon an appeal by the defendant from so much of the order as allowed the plaintiff to amend his proceedings by filing the additional affidavits *nunc pro tunc :*

*Held,* that as it did not appear that the defendant objected to the reading of the affidavits at the Special Term, he would not be allowed to take exception thereto, in the first instance, on appeal.

That section 724 of the Code of Civil Procedure conferred upon the court power, in its discretion, to allow such an amendment of the proceedings.

That the defendant having accepted the money paid by the plaintiff, in compliance with the terms of the order now appealed from, ought not now to be allowed to complain of the course the discretion of the court took

APPEAL from parts of an order made at the Chemung Special Term ; also, a motion to dismiss the appeal.

Plaintiff's complaint was verified March 25, 1885, and stated two causes of action on contract and how they respectively arose. Plaintiff's affidavit stated how the causes of action arose, and " that there are no counter-claims, discounts or set-offs." * * * " The above entitled action is brought for said causes, and the summons has not yet been served. That the defendant is not a resident of the State of New York, but is a resident of the city of Scranton, in the State of Pennsylvania, as deponent is informed and believes." The affidavit was made March 24, 1885. Upon the complaint and affidavit, service of the summons by publication was ordered March 25, 1885. Also, a warrant of attchment was issued and levied. Upon a motion to set them aside, a further affidavit of plaintiff and an affidavit of one Douglass were read by plaintiff. These last named affidavits show the non-residence of defendant, and diligent efforts made to find him in the State and to serve him with the summons. An order was made by the Special Term, 8th of May, 1885, " that on the plaintiff paying to the defendant ten dollars, the plaintiff have leave to amend his proceedings by filing the affi-

davits of George A. Fisher and William H. Douglass, which relate to the non-residence of the defendant *nunc pro tunc*, as of the 25th day of March, 1885, and that the order and other proceedings be amended so as to conform thereto, and that being done, the motions are denied; but if not done, the motions are granted, with ten dollars costs of this motion." The ten dollars was immediately paid to defendant's attorney and accepted by him. He offered, a few days later, to return it, and plaintiff's attorney refused to receive the money. It has been retained by defendant's attorney.

Defendant has appealed only "from so much of the order entered therein on the 11th day of November, 1885, as directs that the plaintiff have leave to amend his proceedings by filing the affidavit of George A. Fisher and William A. Douglass, which relate to the non-residence of the defendant *nunc pro tunc*, as of the 25th day of March, 1885, and that the order and other proceedings be amended so as to conform thereto, and directing the clerk of Delaware county to amend the proceedings and file the same accordingly."

*E. D. Cumming*, for the appellant.

*George A. Fisher*, respondent in person.

HARDIN, P. J. :

We need consider only that part of the order specifically appealed from. In doing that, we may observe that the record brought before us does not indicate any objection taken in the Special Term to the offer to read the affidavit of plaintiff of May 6, 1885, and of Douglass, of May 4, 1885. (*Kibbe* v. *Wetmore*, 31 Hun, 424.)

In the case just cited, SMITH, P. J., said : "But the appeal book does not show that any such objection was made, and, therefore, the defendant is to be regarded as having consented that the affidavits in question be received and fully considered by the court. The defendant cannot now be heard to object for the first time that the affidavits were improperly received, and that the order allowing the amendment should, therefore, be reversed."

The record in respect to them is, viz. : " Chemung Special Term, May 8, 1885. Received on motion and order filed Delaware county clerk's office." However, section 724 of the Code of Civil Pro-

cedure confers upon the court power, in its discretion, to allow an amendment of proceedings had. (*Weeks* v. *Tomes*, 16 Hun, 349; S. C., affirmed, 76 N. Y., 601.) In that case the power of the court was distinctly declared to grant amendments *nunc pro tunc*, although it was said "such an order is not operative as against persons who are not parties to the action." The question before us only relates to the parties to the action. The court exercised its discretion and named the terms, and plaintiff complied. We may approve of the exercise of the power. Defendant having accepted the money paid to comply with the terms of the order, and in the discretion of the court deemed proper, ought not to be heard to complain of the course the discretion of the court took. (*Eagan* v. *Moore*, 2 Civil Pro. [Browne], 300; *Gribbon* v. *Freel*, 93 N. Y., 93; Code of Civil Pro., § 723.) (2.) That part of the order which granted costs to defendant is not appealed from. (3.) The notice of appeal does not specify that part of the order which denied the motions as being a part that was appealed from.

These views lead to an affirmance of the order. It may be remarked that it does not appear by the appeal papers that any rights had intervened between the 25th of March and the 8th of May, 1885, and no question in that regard need be passed upon upon this appeal.

The order should be affirmed, with ten dollars costs and disbursements. The motion to dismiss the appeal may be denied, without costs to either party.

BOARDMAN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements. Motion to dismiss appeal denied, without costs to either party.