AUGUSTUS F. FERRIS, Appellant, v. JOHN F. PLUMMER, Respondent.

*Lis pendens — a substituted service of à summons is equivalent to a personal service under section 1670 of the Code of Civil Procedure.*

An action to foreclose a mortgage was commenced on December 17, 1884, by the filing of the summons and complaint and a *lis pendens* in the office of the clerk of Kings county. On February 11, 1885, an order for a substituted service of the summons upon the defendant mortgagor was obtained, pursuant to which the substituted service of the summons was made upon him on 'February twelfth, as appeared by an affidavit filed February sixteenth. On March 2, 1885, the said defendant appeared and answered and the case was tried upon the merits, and judgment was entered directing a sale under which the plaintiff acquired her title. Subsequent to the filing of the *lis pendens* certain liens were put upon the property mortgaged.

*Held,* that the substituted service was equivalent to personal service within the spirit of section 1670 of the Code of Civil Procedure.

That the substituted service being made on the sixty-first day after the filing of the notice of *lis pendens* (the sixtieth day thereafter being Sunday) was made in time.

That a purchaser should be compelled to accept the plaintiff's title as valid. (PRATT, J., dissenting.)

REARGUMENT of an appeal from a judgment in favor of the defendant entered in Kings county, upon an order dismissing the complaint with costs.

In this action brought for a specific performance of a contract for an exchange of real property it appeared that the plaintiff's title to the property was derived through a foreclosure proceeding.

It appears from the findings of fact that in December, 1884, William I. Preston began proceedings in the Supreme Court to foreclose a mortgage held by him on the property in question, and that on December seventeenth he filed a *lis pendens* in the usual form. On February 11, 1885, he obtained an order from the court directing that service of the summons on William H. Algie, the mortgagor, the owner of the property and the only defendant, be made in the substi-. tuted method prescribed by section 435 of the Code of Civil Procedure. On February sixteenth (Monday) an affidavit was filed showing service of the summons as directed in the Code, on Algie on February twelfth, which was the only service of the summons made on Algie. On December 19, 1884, two days after the *lis pendens* was so filed, Algie executed a mortgage on the property for $4,000, which was recorded on December 24, 1884. On January 8, 1885, a mechanic's lien on the property for $1,262.80 was docketed against Algie, as owner, and on February 14, 1885, the usual notice of pendency of action was duly filed with the complaint in an action brought to foreclose the lien, in which a judgment in favor of the lienor was subsequently entered, On August twenty-eight, judgment of foreclosure and sale was duly entered in the last named action, by the terms of which the sheriff was directed to expose the property in question for sale, and out of the proceeds, first, to satisfy plaintiff's claim therein of $1,347.20 damages and costs, and apply any residue toward the payment of another mechanic's lien claim for $300, docketed January 16, 1885. The defendant claimed that the plaintiff's title was subsequent to the liens of the mortgages and judgment. An appeal from the judgment of the Special Term was argued before this General Term in

September, 1886, and the decision of the Special Term was affirmed, except that costs awarded to the respondent in the court below were taken away from him. (42 Hun, 440.) Subsequently a reargument was granted to the appellant.

*B. F. Tracey*, for the appellant.

*Jasper W. Gilbert and William H. Hamilon*, for the respondent.

BARNARD, P. J. :

The record in the forclosure action of *Preston* v. *Alger*, snows a case of complete jurisdiction over the parties for all purposes. The action was commenced on December 17, 1884, by the filing of the summons and complaint and *lis pendens* in the office of the clerk of Kings county.

On the eleventh of February following, an order for a substituted service was obtained, and the summons was served in accordance therewith. On March 2, 1885, the defendant appeared and answered and the case was tried upon its merits. Judgment of foreclosure and sale was directed and the sale was made under it at which the plaintiff's title was acquired. Subsequent to the filing of the *lis pendens*, certain liens were put upon the property mortgaged, and the sole question is whether these liens were cut off by the judgment. It seems to me plain that they were. By section 1671 of the Code, all such lienors are bound by the proceedings, subsequent to the filing of the *lis pendens* the same as if lienors were parties to the action. The substituted service was made on the 12th of February, 1885, and proof of same was filed on 'the 16th day of February, 1885, making a complete service. Their substituted service was the sixty-first day after the filing of the notice of *lis pendens*. This was in time. (*Gribbon* v. *Freel*, 93 N. Y., 93.) Substituted service was equivalent to personal service within the spirit of section 1670 of the Code, for the purpose of supporting the *lis pendens*. The trouble arises only from the fact that substituted service is comparatively a new mode of service, and the old sections were not all made to conform to the addition. It certainly could not be within the spirit of the law, that a service which is good as to the parties, and when the court has jurisdiction of the subject-matter, should not be good as against subsequent lienors. The

defendant appeared, as has been stated, and made no objection to the mode of service upon him. The service was within the time, but the name for the particular service is not contained in the sec tion which upholds a *lis pendens*, when the summons was served within sixty days from its filing. The section meant to include all methods of service, and its only restriction was, that the service be made within the limited time so that a *lis pendens* could not be used perpetually to notify subsequent lienors, without active prosecution of the action.

The judgment should be reversed, and a new trial granted, costs to abide event.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

Further reflection confirms the opinion expressed upon the former hearing, that *Bogart* v. *Swezey* (26 Hun, 463) is an authority directly in point to the effect that the substituted service in *Preston* v. *Alger* is not equivalent to a service by publication and will not sustain the *lis pendens*.

It is difficult to see why substituted service should not be regarded as good as service by publication, but that matter is left out of the Code in cases of attachment and foreclosure. It may have been an oversight on the part of the codifiers, and the court may have been mistaken in construing the sections. But while that decision remains uncontrolled by the determination of a higher court, we should not be warranted in requiring a purchaser to take a title against which that authority could be quoted. The contention that the subsequent lienors are concluded by the judgment cannot prevail as they were not parties to the suit. If the *lis pendens* fell by reason of want of proper service nothing will avail to cut off these incumbrances except a judgment in a suit wherein they are parties. We are compelled to adhere to the conclusion reached upon the former argument, that the judgment of the Special Term should be modified by striking out the costs granted therein, and as thus modified affirmed, without costs.

Judgment reversed and new trial granted, costs to abide event.