### DEIMEL *v.* SCHEVELAND.

*(Common Pleas of New York City and County, General Term.*  February 10, 1890.)

1. ATTACHMENT—AFFIDAVIT—PRESUMPTION OF FRAUD.
     An attachment will not be vacated, at the instance of a subsequent lienholder, on
     the ground that the affidavits on which it was granted were defective in that they
     did not allege sufficient facts to raise an overwhelming suspicion of fraud, when
     they allege that defendant had departed, and had removed property from the state,
     with intent to defraud his creditors, and subsequent events demonstrate the truth
     of the allegations.

2. SAME—SUMMONS—PUBLICATION.
     After a summons in attachment had been published for four weeks it was dis-
     covered that it was a six-day and not a ten-day summons, as required by Code Civil
     Proc. N. Y. § 3165, subd. 2.  *Held*, that the amendment of the summons, and the

continuation of its publication in its amended form for the residue of the six weeks, required by law, was sufficient compliance with Code Civil Proc. N. Y. § 638, requiring that service by publication of "the summons" be commenced within 30 days after the granting of the warrant.

3. SAME—RECORD ON APPEAL—PROOF OF PUBLICATION.
    On appeal from an order refusing to vacate an attachment, the general term is not confined to the judgment roll for proof of publication of the summons, but may look to additional papers submitted, containing the required proof.

Appeal from city court, general term.

Action by Simon Deimel and another against David Scheveland. The court refused the application by a judgment creditor to vacate an attachment, and the creditor appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Philip Carpenter*, for appellant.   *Simson Wolf*, for respondent.

LARREMORE, C. J. This is an application made by a stranger to the above-entitled action, who is also a judgment creditor of defendant, to have the attachment granted to plaintiff herein vacated and set aside, in aid of said outsider's execution upon his judgment. It is argued in the first place that the affidavits upon which the attachment was granted were defective in that they did not allege sufficient facts to raise an overwhelming suspicion of fraud on defendant's part. I am of opinion that there was enough in the papers to authorize the warrant. The plaintiff alleged that he went to defendant's regular place of business several times to inquire for him, and was there informed by defendant's book-keeper that defendant had left the state, taking with him all the money he could raise, and that he did not intend to return. This was corroborated by an affidavit of said book-keeper to the effect that defendant had left the city of New York and his business, and that the same was left without any one to take charge thereof. There were other affidavits, averring, in a general way, that defendant had left the city and his business. These papers were *prima facie* facts sufficient. Of course, if the defendant had appeared, and explained his absence, and repudiated the statements of his book-keeper, the warrant would have been vacated. Counsel for appellant is, in effect, arguing that all the presumptions of innocence which exist when a defendant moves to vacate an attachment on his own property should obtain here, when a subsequent lienor is endeavoring to get in ahead of plaintiff. The fact is that since the granting of the attachment the propriety of it has been confirmed by defendant's continued absence. The affidavits raised presumptions that defendant had departed from the state, and had removed property from the state, with intent to defraud his creditors. The subsequent course of events has demonstrated that these presumptions were actual facts. This should not be overlooked upon the application to vacate made by an outsider, who has no stronger moral claim than plaintiff, and who is seeking only to discover some technical flaw which will overcome the advantage gained by superior diligence. All that we can consider on the present motion is whether the moving affidavits made out a *prima facie* case, and we have no hesitation in holding that they did.

An order was made directing the service of the summons by publication, and such service was begun within thirty days after the attachment was granted, and continued by inserting the summons in the newspapers named once a week for four weeks. It was then discovered that such summons was a six-days summons, and not a ten-days summons, as required by section 3165 of the Code, subd. 2. Thereupon an order was procured amending such summons by substituting ten days for six days, and in its amended form publication was continued six weeks longer. It is evident that the latter four weeks of publication were surplusage, on any theory. The first publication of the summons in the amended form was more than thirty days after the granting of the warrant, so that, unless the publication of the six-days summons can

be held sufficient, the attachment must fall. The question, then, is whether the publication of the original summons for four weeks, and of the amended summons for two weeks, will satisfy the requirements of the statute. It has been held that a six-days summons issued under such circumstances is not void. "The summons was not an absolute nullity. The insertion of six days instead of ten was an irregularity merely. A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erroneous, to be corrected by motion on appeal." *Gribbon* v. *Freel*, 93 N. Y. 93. It is to be noticed that the right to amend in that case was deduced from the general power of amendment inherent in the court. In the case at bar the authority to amend is derived from section 723. Subdivision 2 of section 3165 grants a special power of amendment in cases where the summons has been issued before the granting of the order of publication, evidently having in view actions where one or more defendants have been served personally within the jurisdiction, and it thereafter becomes necessary to serve other defendants by publication. Here the summons was not issued until the granting of the order, and this amendment was not covered by the express language of section 3165. Still, under the general phraseology of section 723, the summons was properly amendable; and it follows that plaintiff, having presented a six-days summons to the court, was ordered to publish it. Up to the time of the order of amendment the six-days summons was "the summons" in the action. It was not void, though irregular. It was a valid process of the court, susceptible of being made perfect by subsequent amendment. Publication of it was compliance with the order of publication, and also with section 638, which requires that service by publication of "the summons" be commenced within 30 days. After the amendment, the six-days summons ceased to be "the summons" in the action, and the ten-days summons took its place. The order of publication still standing, it was required that publication of "the summons"—that is to say, of the original summons as amended—be continued for two weeks longer, which was done. Under this view of the matter, plaintiff began service by publication of the summons within 30 days from the time of the granting of the warrant, and such service was made complete by the continuance thereof. All of this seems to me to follow legitimately from the general proposition that a six-days summons is not void. If a six-days summons would be sufficient for valid service without the state, subject to amendment thereof after judgment, as was held in *Gribbon* v. *Freel*, *supra*, certainly the publication of such an irregular summons for a portion of the six weeks should be held sufficient to sustain the attachment in the case at bar.

It may be objected that the judgment roll in this action does not contain any proof of publication of the original summons for the first four weeks; there being nothing on this subject but the affidavit of the printers as to the publication of the summons in the amended form for six weeks. The missing proof could, however, be made part of the judgment roll at any time, by order; and upon the present determination we are not limited to the bare contents of the judgment roll. This is not an appeal from the judgment, but from an order refusing to vacate and set aside the attachment and such judgment. We can, therefore, properly consider the additional papers submitted, in which the required proof is supplied. The order of the city court should be affirmed, with costs. All concur.