TRIANGLE RADIO SUPPLY CO., INC., Appellant, *v.* DE FOREST RADIO TELEPHONE & TELEGRAPH CO., INC., Respondent.

First Department, April 4, 1924.

Process — vacating order for service of summons by publication on nonresident defendant — summons served thirty-seven days after warrant of attachment granted is in time where proceedings are stayed six days and last day falls on Sunday — Civil Practice Act, §§ 10 and 24, and General Construction Law, § 20, applied — second warrant of attachment granted on original bond and complaint is valid — statement by plaintiff's attorney that proceedings under first warrant were abandoned, not binding on plaintiff.

An order for the service of summons by publication in an action against a foreign corporation and a warrant of attachment will not be vacated where it appears that the warrant was granted on July 7, 1923, and all proceedings were stayed for six days by an order to show cause why the warrant should not be vacated and that the order of publication was obtained and the service of the papers made on Monday, August 13, 1923, since under sections 10 and 24 of the Civil Practice Act the six days during which the proceedings were stayed must be added to the thirty days within which the plaintiff was required to serve the summons under section 905 of the Civil Practice Act and since the last day of that period so computed fell on Sunday August 12, 1923, the time for service was extended until the next day by virtue of section 20 of the General Construction Law.

A second warrant of attachment granted to the plaintiff is not defective in that no bond was given with that warrant and that no complaint was filed therewith, since it appears that the second warrant was properly obtained upon the original bond and the complaint which were filed with the original warrant.

Under the circumstances attending this case a statement made by the plaintiff's attorney in an affidavit that the proceedings under the first warrant of attachment had been abandoned did not bind the plaintiff.

APPEAL by the plaintiff, Triangle Radio Supply Co., Inc., from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 22d day of September, 1923, vacating an order for the publication of the summons and the warrant of attachment, and also from an order entered in said clerk's office on the 29th day of September, 1923, denying its motion to vacate the first mentioned order.

*Davidson & Davidson* [*Morse S. Hirsch* of counsel], for the appellant.

*Fisher & Deimel* [*Hyman Dominitz* of counsel], for the respondent.

SMITH, J.:

The defendant is a foreign corporation doing business in New Jersey. On July 7, 1923, plaintiff obtained a warrant of attachment against the property of the defendant, under which warrant no levy was made. Thereafter, on July fourteenth, the plaintiff obtained an additional warrant addressed to the sheriff of another county granted upon the same papers on which the original warrant was granted, under which warrant a levy was made on the property of the defendant. In the meantime, and upon the 13th day of July, 1923, the defendant obtained an order to show cause why the original warrant of attachment should not be vacated, which order contained a clause staying all proceedings in the action on the part of the plaintiff. Upon the return of this order to show cause the motion to vacate the original attachment was denied by the Special Term, and an order in accordance therewith entered July 19, 1923. On August 13, 1923, the plaintiff obtained an order for the publication of the summons, and the summons and notice and the required affidavit were served on the defendant on that day in New Jersey. Thereafter, the defendant moved to vacate the order of publication on the ground that it was not obtained and the papers served within thirty days of the original warrant, and also to vacate the warrant of attachment because the service was not made within thirty days. The order appealed from granted this motion.

The proceedings on the part of the plaintiff, after obtaining the first warrant of attachment, were stayed by the order procured by the defendant for six days, so that under sections 10 and 24 of the Civil Practice Act six days must be added to the thirty days within which an attaching creditor must, under section 905 of the Civil Practice Act, serve the summons. The original attachment having been granted July seventh, the thirty days plus the six days of the stay would carry the time within which service must be made to the twelfth day of August, and as the 12th day of August, 1923, was Sunday, the time for service was extended until the next day. (Gen. Const. Law, § 20, as amd. by Laws of 1910, chap.

347. See *Gribbon* v. *Freel*, 93 N. Y. 93.) The order of publication was obtained and the service of the papers made on the 13th day of August, 1923.

We think that this service was a complete compliance with the requirements of the Civil Practice Act. The second warrant of attachment was obtained July fourteenth, so that if that be considered as the commencement of the proceeding, the service on August 13, 1923, was also within the required time. The defendant claims that the second warrant of attachment is defective in that no bond was given with that warrant and that no complaint was filed. This point is not well taken, because the original bond and the complaint were filed with the original warrant, and the second warrant was properly obtained upon the same papers. The defendant also claims that the first warrant was not of force, because the attorney for the plaintiff stated in one of his affidavits that the proceedings under the first warrant of attachment were abandoned. Under the circumstances in this case we do not think that such a statement by the plaintiff's attorney would bind the plaintiff, and furthermore, the statement is consistent with an abandonment of an attempt to levy under the first attachment.

The orders appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the service of the summons and the warrant of attachment denied, with ten dollars costs, and the appeal from the order denying plaintiff's motion to vacate said order dismissed.

DOWLING, MERRELL, McAVOY and MARTIN, JJ., concur.

Order of September 22, 1923, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and appeal from order of September 29, 1923, dismissed.