ANNETTE TARROW, Respondent, *v.* THE MACCABEES, DETROIT, MICHIGAN, Appellant.

First Department, December 23, 1937.

*Louis Rosenzweig* of counsel [*Rosenblum & Rosenzweig*, attorneys, appearing specially, etc.], for the appellant.

*David Goldstein* of counsel [*Thomas Gold Frost* with him on the brief; *Goldstein & Goldstein*, attorneys], for the respondent.

DORE, J. Plaintiff, beneficiary of a life insurance policy, served upon the Superintendent of Insurance, as designee of defendant, a foreign fraternal benefit society authorized to function in New York State, a summons purporting to issue out of the Municipal Court of the City of New York directing defendant to appear within twenty days instead of within five days as required by the Municipal Court Code. Defendant contends that such purported service was invalid.

The Insurance Law, section 237, subdivision 3, requires every foreign fraternal benefit society seeking to transact business in New York State to designate the Superintendent of Insurance as its true and lawful attorney " upon whom all legal process in any action or proceeding against it shall be served," and also provides " that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than twenty days from the date of such service of such process."

The New York City Municipal Court Code, section 19, prescribes the requisites of summons in that court, and so far as relevant reads as follows: " The summons * * * must summon him [the defendant] to appear * * * within five days from the date of service * * * and make answer to the complaint." Section 20 of that Code expressly sets forth the form of the summons for use in the Municipal Court. That form requires the defendant to be summoned to appear " within five days after service of this summons."

Endeavoring to get jurisdiction of the defendant and try the case in the Municipal Court, plaintiff struck out the words " five days " and substituted the words " twenty days," concededly for the purpose of being within the provisions of the above-quoted section of the Insurance Law. Defendant contends that this unusual procedure had as its object to effect in the Municipal Court the determination of another claim by this plaintiff on a larger policy which could be sued on only in the Supreme Court, and also claims that the paper served as a summons was invalid and ineffectual; and, accordingly, moved to set aside the alleged service. This motion was denied by order of the Municipal Court; the Appellate Term affirmed; and leave to appeal was granted by this court.

The issue presented by the appeal is whether, in view of the above-mentioned provisions of section 237, subdivision 3, of the Insurance Law, the service of a summons upon the Superintendent of Insurance, as designee of a foreign fraternal benefit society, may be made in an action in the Municipal Court in which the

defendant is given twenty days from the date of service instead of five as required by the Municipal Court Code, sections 19 and 20.

Plaintiff contends that, when defendant is given more than the statutory period within which to appear and answer, it has not been misled or prejudiced in any way, and relies on section 105 of the Civil Practice Act providing that at any stage of an action a mistake, omission or irregularity may be corrected if a substantial right of any party shall not be prejudiced, and cites cases in this and other jurisdictions holding that a summons otherwise properly served, which erroneously designated an improper number of days within which to appear, was amendable. In particular, plaintiff relies on *Gribbon* v. *Freel* (93 N. Y. 93), in which a summons, issued out of the Marine Court of the City of New York, stated the time within which the defendant was required to answer as six days instead of ten as then required by the Code of Civil Procedure. The court held that the insertion of six days instead of ten made the summons not an absolute nullity but merely irregular; that the defect could have been waived by defendant's general appearance, express or implied; and that the summons was amendable under the then existing provisions of the Code of Civil Procedure providing for the correction of mistakes in furtherance of justice.

The statute and the cases cited by plaintiff are not controlling or in point as they merely hold that an irregularity can be amended. That would be unavailing to plaintiff in the case at bar. Pursuant to the express requirements of the Municipal Court Code, sections 19 and 20, a summons in that court must be a five days' summons. Assuming that designating a greater number of days would not be a jurisdictional defect but a mere amendable irregularity, in this case if the summons were amended it would become a five days' summons as required by statute. Service of such process in an action against a foreign fraternal benefit society is under section 237, subdivision 3, of the Insurance Law neither valid nor binding. That section, as pointed out above, expressly provides that service upon the Superintendent, as appointee of a foreign fraternal benefit society, is invalid if the society is required to file its answer in less than twenty days from the date of the service of process. Accordingly, if the irregularity of this summons were amended, the amendment would be unavailing, as the summons would be void so far as jurisdiction over this defendant is concerned.

The determination of the Appellate Term, affirming the order overruling the traverse, and the order of the Municipal Court should be reversed, with twenty dollars costs and disbursements in this

court and ten dollars costs in the Appellate Term, the traverse sustained, and the purported service of the summons herein vacated and set aside.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Determination of the Appellate Term and order of the Municipal Court unanimously reversed, with twenty dollars costs and disbursements to the appellant in this court and ten dollars costs in the Appellate Term, the traverse sustained and the purported service of the summons vacated and set aside.