Foster Drake, Plaintiff, *v.* Loretta Drake, Defendant.

Supreme Court, Special Term, Nassau County, September 30, 1949.

*James E. Boboras* for plaintiff.

*Franklin Regan* for defendant appearing specially.

FROESSEL, J. Defendant herein, appearing specially, moves for an order " setting aside the summons herein and dismissing this action on the ground that the copies of the summons and complaint allegedly served upon the defendant, copies of which are hereto attached, fail to comply with the requirements of rule 45 of the Rules of Civil Practice and sections 218 and 255 of the Civil Practice Act in that the same fail to state the county where plaintiff resides and the county which the plaintiff designates as the place of trial ".

Section 218 of the Civil Practice Act provides in part: " Rules may be made respecting the requisites and form of a summons and notice and endorsements thereon ". Pursuant to said section, rule 45 of the Rules of Civil Practice was adopted. This rule sets forth the requisites of a summons and follows closely subdivision 1 of section 255 of the Civil Practice Act prescribing the contents of a complaint. On April 1, 1949, rule 45 was amended by adding thereto the provision that the summons must state " the county where plaintiff resides ". The summons in the instant case does not contain this information and in that respect, fails to comply with the recently amended rule. Upon the argument, plaintiff's attorney admitted that he had inadvertently neglected to furnish this information upon the summons and requested the court to permit him to amend. The summons sufficiently designates the county which the plaintiff indicates as the place of trial, to wit: " County of Nassau ". The complaint itself, alleges that the defendant abandoned the plaintiff on June 28, 1949, a little over a month before the issuance of the summons at " the home maintained by the plaintiff herein at 150–64 15th Drive, Whitestone, Queens County, New York ". Certainly, it cannot be said that this court had not acquired jurisdiction of the defendant. She was fairly apprised by the summons and complaint served upon her as to the object of the action. As was said by our Court of Appeals in *Stuyvesant* v. *Weil* (167 N. Y. 421, 426): " That being so, it follows that it was the duty of the court, when applied to, to hold that jurisdiction had been acquired and thereupon to grant such

amendments in furtherance of justice as the statute authorized.''
(See, also, *Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y.
402, 406.) ·

Section 105 of the Civil Practice Act authorizes the court to correct a mistake, or defect, or to supply an omission at any stage of any action, with or without terms. In view of the fact that the amendment is a comparatively recent one, and that the complaint states the address where both of the parties resided within a few weeks before the issuance of the summons, which was served upon the defendant in the State of Illinois, I will deny defendant's motion and allow the summons to be amended by setting forth the plaintiff's residence at the time of its issuance, and grant the defendant ten days after service of a copy of the order to be entered hereon, with notice of entry, within which to serve her answer. Lest it be deemed that rule 45 may be disregarded, the plaintiff will be required to pay $10 costs within five days after service of a copy of the order to be entered hereon.

Settle order on notice, specifying the amendment as allowed.