Owen McGivern, J.
In this action for a separation brought by the husband, the defendant wife moves, upon a special appearance, to dismiss the complaint for lack of jurisdiction on the ground that the plaintiff omitted from the summons a statement of the county of his residence, as required by rule 45 of the Rules of Civil Practice. In the alternative, defendant seeks to have stricken from the complaint the allegations with respect to her residence in New York and the allegations seeking a determination of the custody of the children.
The plaintiff cross-moves pursuant to section 105 of the Civil Practice Act to amend the face of the summons by indorsing thereon, “ Plaintiff resides in New York County ”, and, pursuant to subdivision 1 of section 878 of the Civil Practice Act, for an order permanently enjoining the defendant from proceeding with *292 an action for divorce which she has commenced in Florida and for such injunction pendente lite.
Since the making of the afore-mentioned motions, the plaintiff has moved by order to show cause to enjoin the defendant on the same facts as alleged in the first motion, but based on service on the defendant by mail instead of by service on her attorneys, who had appeared specially. The defendant cross-moves to vacate and set aside the service of the order to show cause on the ground that it seeks in personam relief against a nonresident served outside the State.
These parties were married in New York and the children were born in New York. The plaintiff husband continues to reside here and the defendant admittedly did until recently, when she took the children to Florida and instituted an action for divorce in that State, after having been served there with the summons and complaint in this suit.
This is the less common case, where it might be contended that the wife, possessed of financial means far beyond those of her husband, is seeking to divorce him in a jurisdiction inaccessible to him. Usually it is the other way round.
The defendant maintains that her actual domicile is now in Florida and that she established it lawfully, after an abandonment of her by her husband. This is contradicted by her husband, who contends that it was she who deserted him. It thus appears that in order to determine the validity of the service upon which the jurisdiction of this court over the defendant in personam may depend, the question of abandonment must first be explored factually and resolved. Ordinarily, a wife’s residence is that of her husband, and in spite of the emancipation of married women, at least so much of the common law prevails.
In the circumstances presented, questions of fact must be determined on a hearing before a Referee or a trial before the court. The latter is more desirable because the principal issue on these motions — i.e., as to which spouse abandoned the other — is also the gist of the suit for separation initiated by the plaintiff in this court.
Accordingly, the motion for a temporary stay until the conclusion of the trial, against the defendant’s proceeding in the Florida court, is granted in the interests of justice. The plaintiff’s motion to amend the summons is granted. The omission of the county of plaintiff’s residence does not render the summons jurisdictionally defective (Civ. Prac. Act, § 105; Drake v. Drake, 196 Misc. 333; Myers v. Jeffe, 111 N. Y. S. 2d 384). Defendant’s motion to dismiss the complaint or strike portions thereof and cross motion to vacate service of the order to show *293 cause are denied, with leave to renew to the Justice presiding at the trial. The defendant may answer within 20 days from the entry of an order hereon, or may rely upon the special appearances interposed herein, if she is so advised.
Settle order.