■ WILSON R. PAGE, II, Respondent, v. ELEANOR C. PAGE, Appellant.— In this action by the husband for a separation the wife was served with process in Florida and, claiming a bona fide residence in that State, she has appeared specially and objected to the assumption of any personal jurisdiction of her by the New York Supreme Court. The Special Term has held that this issue, turning on whether the wife was a resident of New York at the time of service of the summons, is to be decided together with other issues on the trial of the action. This is one of the alternative methods of determining personal jurisdiction open to the Special Term under section 237-a of the Civil Practice Act. But at the same time the Special Term granted the husband's motion to restrain the wife from prosecuting a pending divorce action in Florida. In these circumstances the question of personal jurisdiction of the wife should be decided in advance of the trial. Section 237-a sets up a useful and adequate procedure to determine the question of personal jurisdiction. The practice will often be facilitated by a determination in advance of a trial of the action and this may sometimes obviate the need of a trial. Here, interference with the pending action for divorce by the wife is justifiable only if personal jurisdiction of her has been acquired. There should be a prompt determination of the issue of the wife's residence at the time of service of the summons in this action. The order remitting the question of personal jurisdiction to the trial is modified to direct its prompt preliminary determination by a hearing at Special Term; the order granting the temporary injunction is modified to provide that it shall be operative until the determination of the preliminary question of personal jurisdiction, with $20 costs and disbursements to appellant. Settle order. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.

■ SUN ELECTRIC CORPORATION, Appellant, v. CECIL J. GUSHLAW, Respondent.— Order affirmed, without costs. While it is not found that the judgment rendered exceeded the demand for relief in the complaint, the order denying the motion to punish for contempt is affirmed in the discretion of the court. Neither the record nor the facts presented in open court, defendant appearing in person without counsel, satisfy the court that the disobedience of the judgment's direction was willful, or that in the exercise of discretion defendant should be punished for contempt. (*Nelson* v. *Hirsch*, 264 N. Y. 316; *Victor* v. *Turetz*, 266 App. Div. 311; 8 Carmody-Wait on New York Practice, p. 357.) Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.

■ CROWELL-COLLIER PUBLISHING COMPANY et al., Appellants, v. SAMUEL JOSEFOWITZ et al., Respondents, et al., Defendants.— Order modified to the extent only of restraining defendants from assigning, transferring or negotiating the guaranteed and unguaranteed notes heretofore made and delivered to defendant corporations by plaintiff C-C Clubs, Inc., unless said notes, prior to assignment, transfer or negotiation, each contain an appropriate legend indicating the existence of the instant action. Any additional or alternative provision that will protect plaintiffs against the contingency of the negotiation of the notes to a holder in due course may be submitted and will be considered upon settlement of the order to be entered herein, as will suggestions as to the amount of the bond that must be furnished by plaintiffs. Settle order. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.