## (November 13, 1959)

■ DOROTHY E. CARLSON, Appellant, v. RUSSELL C. CARLSON et al., Respondents.— Order reversed, without costs, and matter remitted to Chautauqua Special Term for proceedings in accordance with the memorandum. Memorandum: There were two questions presented to Special Term (1) whether Isabelle Brinsley Carlson was a domiciliary of New York State at the time of service of the summons and complaint upon her in Pennsylvania; and, (2) whether service was properly made upon her, even though a nondomiciliary, under subdivision 1 of section 232 of the Civil Practice Act. The Special Term Justice took the position that it was not claimed that she was, at the time of service, or had ever been a domiciliary of New York State. We disagree with this statement. The affidavits submitted in support of service upon her in Pennsylvania clearly raise this question. This issue should have been determined by the Special Term Justice after taking testimony upon the motion. (*Knoll* v. *Knoll*, 6 A D 2d 1030; Civ. Prac. Act, § 237-a.) Consideration should be given to authorities such as *Matter of Daggett* (255 N. Y. 243, 246) and *Page* v. *Page* (19 Misc 2d 291, mod. 4 A D 2d 1930). If she was a domiciliary, service in Pennsylvania would subject her to the jurisdiction of

the New York court both in rem and in personam (Civ. Prac. Act, § 235; *Milliken* v. *Meyer*, 311 U. S. 457, 463; *Silver* v. *Silver*, 122 N. Y. S. 2d 186, 189; 54 A. L. R. 2d 1252). If she was not a domiciliary, then the question would arise as to validity of service under section 232 of the Civil Practice Act in an action in rem as to the status of the plaintiff and defendant Russell C. Carlson. Therefore the first question to be decided for the sake of orderliness is the question of domicile. The order should be reversed and the matter remitted for a determination of that question. We have not reached, nor do we now decide, whether service was proper under section 232 of the Civil Practice Act. That problem may become academic after the question of domicile is decided, but in any event, it may well await that determination. All concur. (Appeal from an order of Chautauqua Special Term setting aside service of summons.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.