Joseph P. Hoey, U. S. Atty., for defendant; Martin Wright, Asst. U. S. Atty., of counsel.

Harry Rosenberg, West Hempstead, N. Y., for plaintiff.

ZAVATT, Chief Judge.

This is an action "for money only." Uniform District Court Act § 902(a) (1). The plaintiff brought the action in the Suffolk County District Court against an employee of the United States Internal Revenue Service. It was removed to this court pursuant to 28 U.S.C. § 1442 (a) (1). The defendant now moves pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure to dismiss the action on the ground of improper service. The plaintiff purported to serve the defendant by mailing to his office a summons upon which the plaintiff's alleged cause of action was endorsed and by affixing a copy of that summons to the door of the office of the Internal Revenue Service where the defendant is employed. The defendant contends that this service of process was defective.

Section 902(a) (1) of the Uniform District Court Act (UDCA) prescribes a specific method whereby a summons so endorsed may be served in a case in

**BABYLON MILK & CREAM CO., Inc.,**
**Plaintiff,**

v.

**John ROSENBUSH, first name fictitious, same being unknown to plaintiff, Defendant.**

**No. 64-C-218.**

United States District Court
E. D. New York.

March 19, 1964.

472

which the plaintiff's cause of action is for money only:

"1. If the plaintiff's cause of action is for money only and the summons is served by personal delivery to the defendant within the county, the cause of action may be set forth by indorsement upon the summons. * * * "

The defendant contends that he was not served as so required. The plaintiff contends that Section 308 of the Civil Practice Laws and Rules (CPLR) governs. It relates to "personal service upon a natural person" and provides for three alternative methods whereby "personal service" may be effected, in the absence of any other manner of service directed by the court. One such method of service is what is commonly referred to as "nailing and mailing" where service under the other alternatives "cannot be made with due diligence." This is the manner of service whereby the plaintiff claims to have made personal service upon the defendant, a natural person.

Section 2102 of UDCA provides that the CPLR shall apply to practice and procedure in the district courts "as far as the same can be made applicable and are not in conflict with this act." There is a conflict between the CPLR and the UDCA as to the manner of service of an endorsed summons in an action for money only. Under the CPLR only "personal service," as specified in § 308, is required. Under the UDCA "personal delivery to the defendant" is required. A reading of these two sections indicates clearly that there is a marked difference between "personal delivery" and "personal service" by "nailing and mailing" as authorized under § 308(3) of the CPLR. Under UDCA there is only one authorized method of service in actions for money only, where the plaintiff's cause of action is endorsed upon the summons. Under § 308 of the CPLR the alternative methods of service of a summons are (1) delivery to the person to be served; (2) service upon the agent designated by the defendant to receive service; (3) "nailing and mailing"; or

(4) "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraph one, two or three of this section."

In the instant case, service by "nailing and mailing," though authorized as to actions in the Supreme Court of New York State, is not the "personal delivery" which is required as to actions such as this in the district courts. The defendant's motion to dismiss this action is granted.

Settle an order consistent herewith on or before ten (10) days from the date hereof.