Joseph A. Lichtenthal, J.
In an action to recover money for the furnishing and installation of aluminum siding, defendant moves to dismiss the summons and complaint on the ground (1) the summons does not contain a statement of the residence or office address of plaintiff as required by subdivision (b) of section 401 of the UCCA, and the time for defendant to answer is limited to 6 days instead of 10 days as required by subdivision (a) of section 402 of the UCCA, and the further ground (2) that this court has no jurisdiction as plaintiff has not an office in the City of White Plains as required by section 213 of the UCCA.
Plaintiff cross-moves to amend the summons and complaint to correct the period to answer from 6 days to 10 days and to amend the summons and complaint to show plaintiff corporation’s concededly correct place of business to be in the Town of G-reenburgh, rather than the City of White Plains.
Defendant’s motion is denied, and plaintiff’s cross motion is in all respects granted, except defendant shall have 10 days within which to interpose an answer after receipt of a copy of the order to be entered herein. The omission of plaintiff’s address on the summons does not render the summons jurisdictionally defective (CPLR 305, subd. [c]; Page v. Page, 19 Misc 2d 291, mod. on other grounds 4 AD 2d 1030; Drake v. Drake, 196 Misc. 333; Myers v. Jeffe, 111 N. Y. S. 2d 384). The error in the time to answer is curable by amendment, there being no showing of substantial prejudice to defendant (CPLR 305, subd. [c]; CPLR 2001).
*200 The defendant’s further contention that this court is without jurisdiction is plainly untenable. 'The court is of the opinion from a reading of section 213 of the TJCCA that it was the intention of the Legislature to confer jurisdiction upon the City Court of White Plains in a situation such as this. It is quite apparent that the Legislature, when it enacted the Uniform City Court Act (eff. April 1, 1965), intended to broaden the jurisdiction of the City Courts throughout the State rather than to limit their jurisdiction.
The court holds that it has jurisdiction in the case at bar where plaintiff is a corporation and has an office and is regularly transacting business in the Town of Greenburgh, which is contiguous to the City of White Plains (UOCA, § 213, subds. [a], [b]). 'Settle order on notice.