B. Thomas Pantano, J.
On February 4, 1967, the plaintiff caused to be served upon defendant a summons requiring defendant to appear and answer in this court within 10 days.
The summons was served in Suffolk County. The summons contains an indorsement of the nature and substance of the cause of action. There is nothing in the indorsement to indicate that this is a case conferring extra-territorial jurisdiction upon this court.
Plaintiff now moves for an order amending the summons nunc pro tune so as to include therein an indorsement that the defendant is permitted 30 days from the date of the service of the summons upon him to make answer.
Section 402 of the Uniform District Court Act provides that if a summons is served outside the county, it shall provide that the defendant must appear and answer within 30 days after proof of service is filed with the Clerk.
A defect in the return day in the summons is, in itself, an irregularity which can be cured by amendment. (Gribbon v. *569 Freel, 93 N. Y. 93; Elder v. Morse, 214 App. Div. 632; Rock Wool Insulation Co. v. Puma, 46 Misc 2d 199, revd. on other grounds 48 Misc 2d 193.)
In addition, however, plaintiff has run afoul of subdivision (a) of section 902 of the Uniform District Court Act which requires a formal complaint to be served except in certain instances not applicable here. (See, also, Rules of Nassau County Dist. Ct., rule 3.)
In construing section 902 of the New York City Civil Court Act as it then read, the court held in Creative Woodworking Co. v. Bohn (44 Misc 2d 369) that where a summons was served within the City of New York pursuant to CPLR 308 (subd. 3) the service of an indorsed complaint rather than a formal complaint was a mere irregularity, (cf. Babylon Milk & Cream Co. v. Rosenbush, 227 F. Supp. 471.)
A somewhat different situation presents itself here. In this case, the summons was served outside the territorial jurisdiction of this court. This can be validly done only under certain statutorily prescribed circumstances. (See UDCA, §§ 403, 404.)
It may well be that one reason formal pleadings are required by the statute where service is made without the county is to apprise the defendant of what the jurisdictional basis for such service is, if any, and to enable him to attack jurisdiction if he were so advised.
CPLR 320 (subd. [b]) provides that objection to jurisdiction over the person must be raised by answer or motion or it is waived.
The court cannot act to direct an amendment of the summons unless it has jurisdiction. Certainly, a summons served outside the territorial jurisdiction of this court is void except as specifically provided for (UDCA, § 403). Even an appearance by defendant will not confer jurisdiction where personal jurisdiction is based solely upon section 404 of the UDCA if the cause does not, in fact, arise out of an act enumerated therein.
It is incumbent upon the plaintiff to demonstrate that this court, at least prima facie, has jurisdiction here and that service outside the county was properly authorized. Compliance with section 902 of the Uniform District Court Act might have demonstrated that that is the fact. The summons does contain an indorsement that “ the basis of the venue designated is Plaintiff has a place of business in Nassau County.” This, in itself, does not confer jurisdiction upon this court where the summons is served outside the county.
Where the summons, as here, incorrectly sets forth the time within which it is answerable, is not accompanied by a formal *570 complaint as required by statute, is served outside the territorial jurisdiction of the court and there are no facts before the court on which jurisdiction may be predicated, an amendment of the summons cannot be allowed.
The motion is denied, and the action dismissed without prejudice.