## SUPREME COURT.

JOHN WILLINS, Respondent agt. H. H. WHEELER, Appellant.

By the issuing of a *long summons* by a justice of the peace, and its service and return on a *non-resident* defendant of his county, the justice acquires *no jurisdiction* over the person of the defendant, and a judgment rendered upon service of such process is *void*.

And where upon service of such summons, the defendant appeared before the justice, on the return day, to state that he was not a resident of the county, and did not otherwise appear in the cause, *held*, that it ought to be considered a good plea to the jurisdiction, at all events it was not such appearance as to give jurisdiction to the justice.

And further, such objection by the defendant was not waived, by the justice proceeding to take testimony and render judgment against the defendant; such a judgment was entirely null, and the plaintiff could not enforce it in any way.

And besides, such a fatal defect in jurisdiction cannot be cured by a mere omission to take the objection. The defendant is never in court at all, nor in the jurisdiction of the magistrate, and he is not bound to do or say anything in the premises.

*Brooklyn General Term, February,* 1859.

THE appellant (Wheeler,) a non-resident of Kings county, was sued before a justice of the peace of that county, by a long summons, and judgment was taken against him by default. Wheeler appealed to the county court of Kings county, and put in an affidavit in that court, (under the provisions of the Code,) showing that he was a non-resident, and thereby objecting to the jurisdiction of the court. This objection, it appeared, was either rejected or overruled, and the judgment of the justice affirmed. From which last-mentioned judgment Wheeler appealed to this court.

C. B. WHEELER, *for appellant.*

G. R. LINDSAY, JR., *for respondent.*

By the court—EMOTT, Justice. If Wheeler was a non-resi-

dent of the county af Kings, the justice acquired no jurisdiction of his person by the service of the summons which he issued, and which was returnable more than four days from the date thereof. Section 33 of the non-imprisonment act, (*Laws of* 1831, *ch.* 300,) not only prescribes a short summons as the only process by which a non-resident can be sued in a justices' court in cases where a warrant cannot be issued, but goes on to declare that if such a defendant is otherwise proceeded against, " the justice shall have no jurisdiction of the cause." In *Harriot* agt. *Van Cott*, (5 *Hill*, 285,) it was held that a justice's judgment against a non-resident of the county sued by long summons was void, and would not justify a seizure of goods under execution in a suit against the plaintiff for taking them. In *Bowne* agt. *Mellor*, (6 *Hill*, 496,) the same rule was held as to a judgment in a suit commenced by a long attachment against a non-resident.

The defendant in the present case did not appear so as to give the justice jurisdiction. He appeared at the return day of the summons to state that he was not a resident of the county of Kings. I do not see why this was not a good plea to the jurisdiction. But as the justice chose to disregard it, and proceeded after an adjournment to take testimony and render judgment against the defendant, the objection which he thus attempted to interpose certainly was not waived nor obviated. The judgment was entirely null, and the plaintiff could not enforce it in any way. Whenever and wherever the defect in jurisdiction is properly brought to the knowledge of the court, it must be fatal to the judgment, and to every proceeding under it. It is said that the defendant was bound to appear before the justice and take the objection to the form of the process, or that it is waived. Admitting that what the defendant did was not sufficient to raise the objection in the justices' court, it is very clear from an unbroken series of decisions, of which those I have cited above are part, and to which numerous others might be added, that such a fatal defect in jurisdiction cannot be cured by a mere omission to take the objection.

The defendant is never in court at all, nor in the jurisdiction of the magistrate, and he is not bound to do or say anything in the premises. The cases upon this point will be found collected and the point stated by Judge BRONSON, in his dissenting opinion, in *Barnes* agt. *Harris*, (4 *Comstock*, 374, 379.) If the reasoning of this opinion, in which Judge JEWETT concurred, does not raise a grave doubt as to the correctness of the point ruled by the majority of the court in that case, it certainly shows the incorrectness of the remark made by Judge GARDINER in the prevailing opinion, that upon due service of the process issued, the defendant will be concluded by the judgment subsequently obtained, unless he appears and takes his objection. That proposition will not be found to be sustained by the authorities cited under it, and it is an *obiter dictum* not involved in the decision of the cause. *Barnes* agt. *Harris*, was a question of pleading, and all that it decides is, that in declaring in an action on a judgment in a justice's court, it is not necessary to aver that the defendant was a resident of the county, so as to show that the long summons was the proper form of process. In other words, it is not necessary to negative the exceptions made by the statute to the ordinary methods of proceeding in these tribunals. The case is not an authority for the doctrines that jurisdiction is gained or the radical defect in the proceedings cured by omitting to take the objection before the justice. No such question was before the court.

But in the case at bar the objection was brought to the notice of the justice as I have already stated, and if the allegation made by the defendant on the return of the summons was not a sufficient plea in abatement, I see no reason to doubt that the defect was properly before the county court, by the affidavit offered. It does not distinctly appear whether the affidavit was rejected or the objection overruled. Either way, the court erred. It is true, this method of trying errors in fact upon affidavit, is a crude method of procedure, and strikes every well trained legal mind with surprise. It is a wretched substitute for the clear and simple mode of assigning errors and

trying their existence, which we were accustomed to under the former practice. It is a part of the Code, however, and we are bound to administer it to the best of our ability. As the defendant set up this objection in the county court in the only way in which the present practice permits, he is exempted even from the rule which Judge GARDINER states, if that were the law.

There can be no doubt that such a defect in the process by which jurisdiction should be acquired, is an error in fact. A fact outside of the record, which renders the judgment void, and which when properly alleged and proved in any action or proceeding in which the judgment comes in question, will defeat any title or right claimed under it, and is sufficient to reverse the judgment in a direct proceeding for that purpose.

The judgment of the county court of Kings county, and of the justice, must be reversed.