Smith, C. J.
This is an appeal from a judgment rendered by the Justice of the Peace of the 12th ward of the city of Buffalo. The city charter in section. 4, title 2, provides that “ There shall be a Justice of the Peace of the Twelfth Ward to be elected by the electors thereof. Section sixteen of the same title (as amended by chapter 181 of the Laws of 1885) provides that: “ The justice of the Twelfth Ward shall have and execute in said ward, the powers conferred by law upon the justices of the peace of towns, but in civil actions and proceedings he shall have jurisdiction only where the defendant is a non-resident of the city of Buffalo at the time the action or proceeding is commenced.”
The return of the justice shows that on the 21st day of July, 1886, at the plaintiff’s request he issued a summons dated on that day directed to any constable of Erie county, commanding him to summon the defendant to appear before said justice at his office in the city of Buffalo, on the 2nd day of August, 1886, at ten o’clock, A. M., to answer the complaint of the plaintiff in a civil action for $200 or under; that on or before the return day of said summons it was duly returned to said justice by a constable of said county, with a return signed by him that the same was duly and personally served on the defendant on the 26th day of July, 1886, by delivering to and leaving with him personally a true copy thereof; that on the return day of the summons the plaintiff appeared in person but the defendant did not appear, and upon due proof of his cause of action made in behalf of the plaintiff, judgment was rendered against the defendant for $24.50 damages and $6.50 costs.
The principal ground of the defendant’s appeal is, that as the statute gives the justice no civil jurisdiction except where the defendant in the action is a non-resident of the city of Buffalo, such non-residence is a jurisdictional fact which must be alleged in the pleading of the plaintiff and must be proved by him in order to authorize a judgment by the court in his favor. Neither plaintiff’s complaint nor his proofs showed anything as to the defendant’s residence, nor does the return contain anything on that subject.
The defendant’s contention is entirely novel and cannot be maintained. The statute defining the class of persons of which the justice of the Twelfth ward of this city has jurisdiction in civil actions, is of the same character as the general statute which specifies the class of persons of which justices of the peace in towns have civil jurisdiction. Section 2869 of the *814 Code provides that actions in justices courts’ must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in certain special cases. This is substantially a reenactment of the provisions of former statutes, and has for more than half a century been a part of our statute law defining the jurisdiction of justices of the peace. Yet, whoever heard of a case in which it was pleaded or proved in a justice’s court that the residence of the parties was such as to bring the action within the jurisdiction of the justice as limited and defined by the statute? In Barnes v. Harris, 4 N. Y., Rep. 374, which was an action upon a judgment rendered by a justice of the peace of Chenango county, the defendant demurred to the plaintiff’s declaration because (among other alleged defects) it did not show jurisdiction in the justice, it not being alleged or shown that the defendant was a resident of Chenango county when the suit before the justice was brought and the judgment rendered. But the court held the declaration good, and that it was not necessary to show that in the justice’s court it was either alleged in pleading or proved that the residence of the defendant was within the jurisdiction of the justice. The court said: “ It may be assumed as a principle to which it is believed there is no exception, that a court having authority to issue process, acquires jurisdiction of the person of the defendant, prima faeie., by a personal service of that process upon him in the manner required by law. The 11th section of 2 R. S. 226, provides among other things that suits in justices’ courts may be instituted by process, which shall be a summons, warrant or attachment. The form of the summons, the mode of service and return are presented in the 14th, 15th, and 16th sections of the act. It is the ordinary process of the court. The warrant and attachment are extraordinary, and can only issue upon a special application (§§ 17, 26) and upon proof of the circumstances showing the grounds of such application. 2 R. S., 160, 201, 203, sections 19, 28, 17, 292, 301. All that is necessary to authorize the issuing of a summons is the mere suggestion of the plaintiff that he has a demand against the defendant falling within the second section defining the jurisdiction of the court. The justice is not at liberty to decline the jurisdiction except under the special circumstances mentioned in the 7th section ; in all others by necessary implication he is obliged to take cognizance of the action. The plaintiff is not bound even to allege, much less to prove, that the defendant is a resident of the county, the statute neither authorizing nor providing the means for obtaining the evidence.” See also Hoose v. Sherrill, 16 Wend., 33, and Willins v. Wheeler, 28 Barb., 669. In the latter case the justice issued a summons against a non-resident of the county returnable more than four days after *815 its date, tbe statute tlien providing that such a summons should be returnable in not more than four days, otherwise the justice should “have no jurisdiction of the cause.” The court held that if the defendant did not take the objection in the court below he might raise it on appeal to the county court, but that the defect in the process was an error in fact, to be proved by affidavit in the appellate court. Section 3057 of the Code provides that “ Where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the matter upon affidavits; or, in its discretion, upon the examination of witnesses; or, in both methods.” We are in no manner informed whether the defendant when this action was commenced before the justice was a non-resident of the city or not. If he was not, then the issuing and service of the summons would not give the justice jurisdiction, and tbe judgment was erroneous; but the defect constituted an error in fact, which can be brought before the court only in the manner pointed out in the section last quoted, as the proceedings before the justice show nothing on the subject, and, as we have seen, were apparently regular and free from error.
The judgment appealed from is for $24.50 damages and $6.50 costs, and there is nothing in théheturn of the justice showing the items of the costs or any reason for allowing that amount. By section 3076 of the Code the sum to be allowed the plaintiff for costs in a case like this is limited to five dollars. The judgment, having been rendered for a larger sum, is erroneous, and it may be reversed; or we may modify it by striking out the costs, some years ago certain of the justices of the peace of this city were accustomed to allow much larger sums for costs than were lawful, and to disregard the limitations imposed by statute in this respect. The evil had become a serious one; and this court, feeling that it was its duty to put a stop to it, in more than one instance reversed judgments in which the allowance of costs had been very excessive and in manifest and flagrant disregard of the statute referred to; and we imposed costs of the appeal upon the party in whose favor such costs were allowed.
In this case we think there is reason to believe that the error of the justice in allowing costs to the plaintiff beyond statutory limit, was an oversight and not intentional. On the argument-the plaintiff filed with the clerk a written stipulation that the judgment appealed from, be reduced to $24.50 and affirmed for that amount without costs of the appeal. We are disposed to adopt this stipulation as the basis of our judgment, but as the defendant, in order to take his appeal, was obliged to pay the costs in the court below, we therefore decide that the judgment be modified by striking out the costs, thus reducing the amount *816 of the judgment to $24.50, and that the same as so modified be affirmed. The appellant is allowed to tax and recover his disbursements on this appeal, which are to be offset against the plaintiff’s judgments. No other costs of the appeal are allowed to either party.