### NEWCOMBE v. COHN et al.

(Supreme Court, Appellate Term. January 2, 1901.)

JURISDICTION — MUNICIPAL COURT — NONRESIDENT DEFENDANT — SUMMONS— RETURN.

    Consol. Act, § 1298, requiring that, when a defendant in a municipal court is a nonresident of the city, summons must be returnable not more than four days after date, being mandatory, the municipal court of New York City acquired no jurisdiction of a nonresident served with summons returnable ten days after date.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Michael F. Newcombe against Mark M. Cohn and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

J. S. & H. A. Wise, for appellants.

Booth & Deane, for respondent.

PER CURIAM. It is clear that the defendant Cohn was a nonresident of this state when he was served with the summons. Section 1298 of the New York City consolidation act requires that when the defendant, or either of several defendants, in a municipal court, is not a resident of the city, the summons must be returnable in not less than two, nor more than four, days from its date. The summons in this case did not comply with this requirement, being returnable ten days after its date. Under such a summons, the municipal court never acquired jurisdiction to award any judgment

against the defendant. Willins v. Wheeler, 8 Abb. Prac. 116; Allison v. Preserve Co., 20 Misc. Rep. 367, 45 N. Y. Supp. 923.

The judgment appealed from must be reversed, with costs.