LOUIS A. SCHOFFEL, Plaintiff, *v.* ISIDORE GOODSTEIN, Defendant.

(County Court, Bronx County, June, 1919.)

Summons — service of — amendment of — jurisdiction — county court — judgments.

Where a plaintiff in County Court serves a summons requiring the defendant to answer within six days instead of twenty, and takes a judgment by default thereon after fifteen days, the court is without power to remedy the defect by amending the summons.

So where defendant appears specially and moves to vacate the judgment for want of jurisdiction and plaintiff makes a counter motion for leave to amend the summons, defendant's motion will be granted and that of plaintiff denied.

MOTION to vacate a judgment.

Henry M. Orenstein, for plaintiff.

Kleiner & Kleiner, for defendant.

GIBBS, J.   Section 418 of the Code of Civil Procedure provides that a summons must call upon the defendant to answer within twenty days of the date of its service.   The plaintiff brought an action against the defendant in this court upon a summons which called upon the defendant to answer within six days of the date of service, apparently confusing the jurisdiction of this court with that of the City Court of the city of New York.   Within fifteen days after the service of the summons upon the defendant the plaintiff obtained a judgment upon an inquest held before a sheriff's jury pursuant to a writ issued by this court upon an affidavit made by the plaintiff's attorney as to the regularity of the proceedings.   The defendant has made a motion to vacate the judgment, appearing specially for that purpose, and the plaintiff is countermoving for an order permitting the amendment of the summons so that it shall read that the defendant answer within twenty days instead of six.   The plaintiff's attorney cites the case of *Gribbon* v. *Freel,* 93 N. Y. 93, as an authority, which, he contends, gives this court, under the circumstances, the right to amend the summons herein.   In that case the plaintiff issued the summons out of the Marine Court, returnable in six days; it should have been made returnable in ten days under the Marine Court practice.   Before any judgment was entered the plaintiff obtained an order amending the summons, which order gave the defendant the required ten days in which to answer.   I do not consider that this case warrants the granting of the relief sought by the plaintiff herein.   In the *Gribbon* case a warrant of attachment had been issued by virtue of which the defendant's property within this state was attached.   The court pointed out that

pursuant to section 416 of the Code the court acquired jurisdiction of the action from the time of the granting of the provisional remedy, by reason of which the court was enabled to make the order amending the summons. It seems clear to me that the judgment in the case at bar was obtained without any jurisdiction whatever, and that the plaintiff is asking this court to cure not a defect or irregularity in the summons but to remedy a jurisdictional defect. This the court has no power to do. *Tucci* v. *Romeo,* 94 Misc. Rep. 317. The defendant's motion should be granted and the judgment vacated and set aside and the plaintiff's motion denied.

Motion denied.