ROBERT H. ELDER, Appellant, *v.* EDWARD P. MORSE, Respondent.

Second Department, December 4, 1925.

**Process — summons — defect in return day is irregularity that may be corrected by amendment.**

A defect in the return day of a summons in the Supreme Court, which summons provides for the service of answer within six days after the service of the summons, is an irregularity merely, and may be corrected by amendment and the service thereof will not be set aside.

APPEAL by the plaintiff, Robert H. Elder, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 5th day of October, 1925, declaring " that the summons and complaint attempted to be served upon the defendant is a nullity and the plaintiff obtained no jurisdiction and no service of the summons and complaint was made upon the defendant," and denying plaintiff's motion to amend or correct the summons.

*Otho S. Bowling,* for the appellant.

*Courtland Palmer,* for the respondent.

YOUNG, J.:

It appears by the affidavit of plaintiff's attorney on his motion to amend the summons that the summons was originally drawn 'n

the City Court of the City of New York and directed defendant to answer within six days after service; that efforts to serve this summons failed, and in order to procure an order for substituted service it was necessary to bring the action in the Supreme Court, and, therefore, the summons was changed to that court, but, through inadvertence, it was left returnable in six days instead of twenty days, as required in the Supreme Court.

After defendant had been served, he appeared specially and moved to set aside the service of the summons on the ground that it was defective and did not give jurisdiction over defendant, and that it was improperly served.

The plaintiff then moved for an order amending the summons so as to require the defendant to answer within twenty days instead of six.

Both motions were brought on for argument on the same day and resulted in the order appealed from.

I think the order should be reversed. Under the liberal rules which now obtain under the Civil Practice Act, the defect, in my opinion, was amendable. It was an irregularity merely, and the amendment could not in any way prejudice the defendant. Even under the Code of Civil Procedure, a defect in a summons precisely similar to that shown in the case at bar was held to be a mere irregularity. (*Gribbon v. Freel*, 93 N. Y. 93.) In that case a summons was issued out of the Marine Court of the City of New York which required an answer in six days, whereas it should have allowed ten days, and the Special Term of the Marine Court made an order amending it *nunc pro tunc* so as to provide an answer within ten days instead of six. This order was affirmed by the General Term of the Marine Court and also after an intermediate appeal by the Court of Appeals, the latter saying: " But the summons was not an absolute nullity. The insertion of six days instead of ten was an irregularity merely. The defect could have been waived by the general appearance of the defendant, or consent, express or implied. A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erroneous, to be corrected by motion or by appeal." (Pp. 96, 97.)

There are some later cases holding to the contrary. (*Schoffel v. Goodstein*, 107 Misc. 695; *Tucci v. Romeo*, 94 id. 317.)

In the case last cited it was held by the Appellate Term, Second Department, that the requirement of sections 19 and 20 of the New York City Municipal Court Code (Laws of 1915, chap. 279) of an appearance by the defendant within five days from service was mandatory and that a summons made returnable forthwith was, therefore, void. In *Schoffel v. Goodstein (supra)* the County

Court of Bronx county sought to distinguish *Gribbon* v. *Freel* (*supra*), in that in the latter case attachment had been issued which of itself gave the court jurisdiction. In my opinion, this is not a sound distinction. In order that the court may hold jurisdiction under an attachment, it is essential that a summons be served within thirty days thereafter (Civ. Prac. Act, § 905) and I fail to see how the jurisdiction acquired by the issue of the attachment could add anything to the defective summons. In my opinion, therefore, the real ground of the decision by the Court of Appeals in *Gribbon* v. *Freel* (*supra*) is that the defect in question is not jurisdictional, but an amendable irregularity.

I, therefore, advise that the order appealed from be reversed upon the law, with ten dollars costs and disbursements, and defendant's motion to set aside the service of the summons denied, and plaintiff's motion to amend the summons be granted, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and KAPPER, JJ., concur.

Order declaring service of summons and complaint upon defendant a nullity reversed upon the law, with ten dollars costs and disbursements, and defendant's motion to set aside the service of summons denied, and plaintiff's motion to amend the summons granted, with ten dollars costs.