(No. 5384. June 10, 1930.)

S. P. FREELING, Respondent, v. MARIAN I. TUCKER, Appellant.

[289 Pac. 85.]

476

A. S. Dickinson, for Appellant.

Milton E. Zener and T. C. Coffin, for Respondent.

BUDGE, J.—Respondent brought this action against appellant to recover a sum alleged to be due and unpaid for professional services and expenses incurred in connection therewith as attorney for appellant. On trial of the cause to court and jury, verdict and judgment were returned and entered in favor of respondent. This appeal is from the judgment.

Urged against respondent's recovery in the trial court and the principal contention here is that respondent has not been admitted to practice law in this state and may not therefore maintain an action against appellant growing out

of the rendition to her of services as attorney in the state of Idaho.

The evidence shows respondent to be a resident of Oklahoma, to have been engaged in the practice of law for about twenty-eight years, admitted to practice in the courts of Oklahoma, supreme court of Arkansas, circuit court of appeals for the eighth circuit, and United States supreme court. He entered into an agreement with appellant, about February, 1926, outside of the state of Idaho, to represent her interests as one of the heirs of a relative lately deceasd in this state, and was also employed by other heirs in the same matter. Respondent made a study of the probate laws of Idaho in connection with this employment, and at least two trips to Idaho, in the course of which he made two appearances in the probate court of Bannock county in connection with his clients' interests in the estate mentioned.

Admitting he has not complied with the statutory rules governing admission of attorneys to practice law in this state and that he did not associate with him a resident attorney at the time of his appearance in the probate court, respondent contends he should not be precluded from enforcing the collection of fees covering the fair value of services rendered.

The practice of the law in this state is recognized as a privilege granted by the state, deemed necessary as a matter of business policy and in the interests of the public against improper and unauthorized practice to be regulated and controlled. (Sess. Laws 1923, chap. 211; Sess. Laws 1925, chaps. 89, 90; Sess. Laws 1929, chaps. 63, 98.) It is unlawful to practice law within this state without having become duly admitted and licensed. (Sess. Laws 1923, chap. 211, sec. 17, as amended by Sess. Laws 1925, chap. 89, sec. 6.) Where the evident object of the statute in requiring a license and imposing a penalty for its violation is for the purpose of protection of the public, it will be construed as forbidding, by implication, the carrying on of the business without a license. (37 C. J. 260, sec. 138, and cases cited under note 56.) By C. S., sec. 6571, as amended by Sess.

Laws 1929, chap. 63, sec. 3, the practice of law in any court in this state, except a justice court, without having received a license as attorney and counselor, is a contempt of court.

■■ The power of the legislature to provide the manner, terms and conditions of the admission of attorneys to practice does not deprive the courts of their inherent power, as a matter of comity, to permit an attorney from a sister state to appear and present argument in a particular case. (*Anderson v. Coolin,* 27 Ida. 334, 341, 149 Pac. 286.) It is the usual practice of courts to permit members of the bar in other states to appear as counsel on the trial or argument of causes, without obtaining a general license, the custom being to grant leave *ex gratia* for the occasion. (1 Thornton on Attorneys at Law, p. 40, sec. 32; 6 C. J., p. 573, sec. 20; 2 R. C. L., p. 940, sec. 5; *Tuppela v. Mathison,* 291 Fed. 728.)

■ ■ It is not contended the contract in suit was invalid where made, that respondent falsely represented himself to be an attorney or that there was any deception on the part of respondent as to his authority to practice as an attorney. No objection appears to have been made to respondent's appearance in the probate court of Bannock county, the which constituted but a portion of the performance of his contract with appellant. The presumption will be indulged that the court extended to respondent the right to make such appearance and conduct the proceedings therein. While it would have been more proper for respondent to have associated a resident attorney for such purpose, we are not constrained to hold his failure to do so, in the absence of timely objection, fatal to a recovery. The statutes above referred to governing admission to the bar in this state, requiring a license to practice law in this jurisdiction and providing a penalty for violation of their provisions, are obviously aimed at persons who hold themselves out as qualified to, or actually carry on the business of practicing law in this jurisdiction without the proper credentials so to do, in flagrant disregard of the requirements. Respondent has not offended the spirit or intention

of these statutes, the facts of this case showing it to be one calling for the application of the rule permitting an attorney from a sister state, regularly admitted and licensed to practice therein, to make appearance in the courts of this state, as a matter of comity, incident to the disposition of a particular matter isolated from his usual practice in the state of his residence.

Judgment affirmed. Costs to respondent.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.