LEO BARTH, Plaintiff, *v.* ELIZABETH OWENS and JAMES OWENS, Individually and as Copartners d/b/a EXCHANGE PRESS, Defendants.

City Court of New York, Bronx County, May 20, 1942.

*Albert C. Drucker*, for the plaintiff.

*Hyman Ehrlich*, for the moving defendant.

BONEPARTH, J. Defendant Elizabeth Owens moves to vacate a default judgment entered against her, claiming that the court did not obtain jurisdiction. A summons and verified complaint were served upon the defendant on the 19th day of February, 1942, and she delivered the same to her attorney.

The summons which was served required the defendant to appear within twenty days instead of within six days, as required by section 49 of the New York City Court Act.

The defendant's attorney refrained from appearing or answering. Thereafter, and on the 19th day of March, 1942, or twenty-eight days after the service of the summons and complaint, the plaintiff entered judgment by default.

Defendant contends that the summons did not confer any jurisdiction on the court, because the summons required defendant to appear within twenty days instead of within six days.

The object of a summons is to apprise the party defendant that the plaintiff in the action seeks judgment against the defendant, and when the defendant is apprised of that fact, and the summons does not so far vary from the statutory form as to deprive the defend-

ant of any substantial right, the court acquires jurisdiction to render judgment in an action. (*Holman* v. *Goslin*, 63 App. Div. 204, citing *Stuyvesant* v. *Weil*, 167 N. Y. 421; *Hatfield* v. *Atwood*, 15 Civ. Pro. [N. Y.] 330; *Close* v. *Calder Co.*, 139 App. Div. 175, 176.)

Section 49 of the New York City Court Act and rule 45 of the Rules of Civil Practice prescribe the contents of this summons, and require the summons to be substantially in the form prescribed.

The time within which a defendant is required to appear or answer is a substantial right, and cannot be shortened by the service of a summons specifying a shorter time, and such a defect would prevent the entry of judgment by default. (*Schoffel* v. *Goodstein*, 107 Misc. 695.)

However, a mistake or irregularity in the summons, in stating a different time for answer or appearance, other than that specified in the statute, is not a jurisdictional defect. (*Gribbon* v. *Freel*, 93 N. Y. 93; *Hatfield* v. *Atwood*, *supra*.)

Thus, in *Elder* v. *Morse* (214 App. Div. 632) a summons in the Supreme Court was served, which summons required the defendant to appear and answer within six days, instead of within twenty days. The defendant appeared specially and moved to set aside the service of the summons on the ground that it was defective and did not confer jurisdiction. Plaintiff moved to amend the summons to read twenty days instead of six days. Defendant's motion was denied and plaintiff's motion was granted.

Section 105 of the Civil Practice Act provides that " At any stage of an action, * * * a mistake, * * * irregularity or defect may be corrected or supplied, * * * or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

This section applies to process, as well as to other steps in an action. (*Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y. 402, 406; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 id. 122, 138; *Elder* v. *Morse*, *supra*.)

Accordingly, it must be held that the mistake or defect in the summons, requiring the defendant to appear or answer within twenty days instead of within six days, is one which must be disregarded. That mistake or defect in no way prejudiced any substantial right of the defendant.

In *Armstrong* v. *May* (55 Okla. 539; 155 P. 238) a summons fixed the time for answer at a longer time than the statute provided. At page 540 the court said: " The plaintiffs in error contend that the lower court should have sustained their motion to quash the summons, for the reason that the answer day as fixed by the sum-

mons was 22 days after the return day of the summons. It is apparent, from an examination of the record, that the defendants below * * * had their full twenty days in which to answer, and, therefore, were not deprived of any substantial right, and the proposition urged is not tenable." (See, also, *Gould* v. *Johnston*, 24 Minn. 188, 190.)

The cases cited by the defendant do not affect this principle. Thus, in *Newcombe* v. *Cohn* (33 Misc. 602) a summons which was made returnable ten days after its date was held void because the act required that it be returnable in not less than two nor more than four days from its date.

In *Tucci* v. *Romeo* (94 Misc. 317) the summons required defendant to appear and answer " forthwith," instead of within five days. In *Schoffel* v. *Goodstein* (*supra*) the summons required the defendant to appear and answer within six days, instead of within twenty days as the statute required, and a default judgment was entered after fifteen days.

Here the defendant does not ask to open a default suffered by inadvertence.

The motion to vacate the judgment is denied, and the stay contained in the order to show cause dated April 3, 1942, is vacated.