JOHNSON *v.* DiGIOVANNI.

1. EVIDENCE—JUDICIAL NOTICE—LAWS OF OTHER STATES.
   Courts of this State are authorized to take judicial notice of the laws of sister States (CL 1948, §§ 617.25, 617.27).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 47.
[2] 3 Am Jur, Appearances § 42; 14 Am Jur, Courts §§ 192–194; 42 Am Jur, Process § 116.
[3, 8] 31 Am Jur, Judgments § 532.
[4] 31 Am Jur, Judgments § 549 *et seq.*
[5, 7, 8] 5 Am Jur, Attorneys at Law § 16.
[6, 7] 5 Am Jur, Attorneys at Law § 15.

2. APPEARANCE—SERVICE OF PROCESS—TEXAS.

A Texas statute providing that if a defendant asks the court to determine the question of sufficiency of service of process upon him within that State, he submits himself wholly to the jurisdiction of such Texas court, is constitutional (Texas Revised Civil Statutes, arts 2047, 2092, § 8).

3. JUDGMENT—FULL FAITH AND CREDIT TO JUDGMENT OF SISTER STATES.

The full faith and credit clause of the Constitution of the United States requires recognition of the judgments of sister States (US Const, art 4, § 1).

4. SAME—COLLATERAL ATTACK—JURISDICTION.

Collateral attack may be made in the courts of this State by showing that the judgment of a court of a sister State sought to be enforced herein was void for want of jurisdiction in the court which issued it.

5. ATTORNEY AND CLIENT—ADMISSION TO PRACTICE IN PARTICULAR CASE.

It is the general practice of the courts of record in the several States to permit members of the bar in other States to appear as counsel on the trial or argument of causes without license being required for the pending case, the court being empowered to grant leave, *ex gratia,* for the occasion.

6. SAME—ADMISSION TO PRACTICE—COURTS.

Attorneys at law are recognized as officers of the court, the power to admit them to legal practice being recognized as one of the inherent powers of the court.

7. SAME—ADMISSION TO PRACTICE IN PARTICULAR CASES—COURTS—STATUTES.

The power of the legislature to provide the manner, terms, and conditions of the admissions of attorneys to practice does not deprive the courts of their inherent power, as a matter of comity, to permit an attorney from a sister State to appear and present argument in a particular case (Texas Revised Civil Statutes, art 320a–1, § 3; Rules of Civil Procedure [1955], Rule 7; Rules Governing Admission to the Bar, as amended January 27, 1954, Rule X[1]).

8. JUDGMENT—TEXAS—ADMISSION TO PRACTICE IN PARTICULAR CASE—SPECIAL APPEARANCE.

A Texas judgment, based on the order of a district judge of that State to his clerk to file a special appearance and motion to dismiss by Michigan attorneys, as constituting a general appearance, is entitled to full faith

and credit in this State, where there is no claim of lack of knowledge of the pendency of the Texas suit, or lack of sufficient time to appear and defend had defendant chosen so to do (Texas Rules of Civil Procedure [1955], Rule 7; Texas Revised Civil Statutes, arts 2047, 2092, § 8).

Appeal from Wayne; McCree, Jr. (Wade H.), J. Submitted June 14, 1956. (Docket No. 75, Calendar No. 46,891.) Decided October 1, 1956.

Assumpsit by Joe Johnson against Jack DiGiovanni and Shippers Service Company, a Michigan copartnership, based on unsatisfied judgment taken against them in Texas court. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Louis J. Colombo, Jr.,* for plaintiff.

*Samuel H. Rubin* (*Phyllis Rubin,* of counsel), for defendants.

EDWARDS, J. Citizens of one of our sister States still refer to it as "The Republic of Texas." Herein a number of Michigan residents have become acquainted with one of its frontier ways in the field of law. Our basic question: Is a Texas judgment, based on statutes and rules which are rough to our legal palate, enforceable in Michigan?

Texas has had for many years 2 statutes concerning appearances in its courts which, in effect, made any appearance (special or personal) a general appearance for purposes of jurisdiction.

"An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Revised Civil Statutes of Texas, art 2047.

"If the citation or service thereof is quashed on motion of the defendant, such defendant shall be

deemed to have entered his appearance at 10 o'clock a.m. on the Monday next after the expiration of 20 days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him." Revised Civil Statutes of Texas, 1956 Cum Supp, art 2092, § 8.

Effective January 1, 1955, court rules containing identical language were published which apparently superseded the above. Texas Rules of Civil Procedure (1955), Rules 121 and 122.

At the outset we dispose of one issue by taking judicial notice of the above under CL 1948, §§ 617.25, 617.27 (Stat Ann §§ 27.874, 27.876) specifically authorizing our courts to take judicial notice of the statutes and common law of sister States. See, also, *Slayton* v. *Boesch*, 315 Mich 1, 7.

Several of our Michigan citizens ran afoul of the quoted rules in the following manner (all of the facts recited hereafter being drawn from sworn pleadings and affidavits in this cause, since no testimony has ever been taken before a Michigan court):

One Joe Johnson, a resident of the State of Texas, brought suit in assumpsit in the 111th district court in Webb county of that State against Jack DiGiovanni, a Michigan resident, and Shippers Service Company, a Michigan copartnership. Plaintiff in the Texas action served one Ben A. Eisenberg as the agent of the defendant, Shippers Service Company, and filed proof of service indicating as much. The record does not disclose any other attempt by plaintiff to serve the defendants in the Texas cause.

However, on February 25, 1955, two Detroit attorneys, representing defendant Shippers Service Company, dispatched to the clerk of the 111th district court of Texas a "special appearance and motion to

quash service" attaching thereto a sworn affidavit
signed by defendant Jack DiGiovanni. The motion
and affidavit recited defendants' contentions that all
of. the defendants were residents of the State · of
Michigan, that none of them had received personal
service, and that Ben A. Eisenberg was not an agent
for the defendants, or any of them, but was, on the
contrary, an agent for the plaintiff. The special
appearance and motion terminated with a prayer
for quashing of service upon the defendants. The 2
attorneys in question were not at any of the relevant
times licensed to practice law in the courts of the
State of Texas, although both were duly licensed to
practice law in the State of Michigan.

Under date of April 7, 1955, the clerk of the court
responded with the following communication:

"April 7, 1955 .

"Messrs. Stone and Pliskow,
Attorneys and Counselors,
3309 Cadillac Tower,
Detroit 26, Michigan.
 Ref: Cause No. 18,569, styled:
   Joe Johnson *v.* Anthony
   DiGiovanni, *et al.,* in ·
   111th Dist. Court, Webb Co.
*"Dear Sirs:* Attention Mr. Alan J. Stone

"Refer to your letter of February 25th, 1955.

"Under Rule 122, Vernor's (*sic*) Annotated Texas
Rules, the Judge of the District Court has ruled that
the defendants you represent have entered an ap-
pearance in the above case, and has directed an entry
in the docket, granting default judgment against
Shippers Service Company and Jack DiGiovanni.

"April 30, 1955 at 10:00 o'clock a.m., is the time
and hour set for a hearing on proof as to the amount
of damages for the breach of contract.

"For your information, District Courts in Texas have control over judgments during the term. This term of court expires on May 2, 1955.

> Very truly yours,
>> HUGH S. CLUCK,
>>> Clerk of the Dist. Courts,
>>> Webb Co., Texas.
>> By /s/ BLAS GARCIA
>>> Blas Garcia, Deputy."

Confronted with this communication, and the late-acquired knowledge that any further attempt to argue service or jurisdiction before the Texas court would even more certainly place them before it, defendants did nothing. On May 10, 1955, the Texas court entered a judgment against defendant, Jack DiGiovanni, and the defendant copartnership, in the amount of $6,359.01, together with interest thereon at the rate of 6%.

Subsequently, on January 31, 1956, by amended declaration filed that date, plaintiff, Joe Johnson, brought suit in the Wayne circuit court of the State of Michigan upon the Texas judgment previously referred to, alleging that it had not been paid, and attaching to the declaration a copy of the judgment. Defendants answered by denying knowledge of the judgment and claiming that it was void because, (1) there was no personal service upon any of the defendants; (2) there was no general appearance by any of the defendants; (3) service upon Ben A. Eisenberg constituted fraud upon the Texas court in that Eisenberg was not an agent of any of the defendants, and finally, (4) no duly-licensed attorney of the State of Texas entered any appearance for the defendants.

On motion for summary judgment a judgment was entered in the Wayne circuit court by Judge Wade H. McCree from which this appeal is now taken.

On appeal to this Court defendants below and appellants here have confined their argument solely to the fourth of their defenses listed above.

It may, however, be well for us to note, in passing, that the Texas statute upon which the 111th district court of Texas founded its jurisdiction has been passed upon and affirmed, as to its constitutionality in its application to residents of other States, by the supreme court of the United States in *York* v. *Texas:*

"The difference between the present ruling in Texas and elsewhere is simply this: Elsewhere the defendant may obtain the judgment of the court upon the sufficiency of the service, without submitting himself to its jurisdiction. In Texas, by its statute, if he asks the court to determine any question, even that of service, he submits himself wholly to its jurisdiction. Elsewhere, he gets an opinion of the court before deciding on his own action. In Texas he takes all the risk." *York* v. *Texas,* 137 US 15, 20 (11 S Ct 9, 34 L ed 604, 605).

Additionally it should be noted that in a series of cases the Texas supreme court has held consistently that an outstate defendant who filed a special appearance and a motion to quash had submitted himself to the jurisdiction of the Texas court regardless of whether the motion was granted or denied. *Western Cottage Piano & Organ Company* v. *Anderson,* 97 Tex 432 (79 SW 516); *Central & M. R. Co.* v. *Morris,* 68 Tex 49 (3 SW 457); *Aetna Life Insurance Company* v. *Hanna,* 81 Tex 487 (17 SW 35). We note further that at no point in this proceeding do appellants claim lack of knowledge of the pendency of the Texas suit, or lack of sufficient time to appear and defend had they chosen so to do.

This brings us then to the final question wherein our unhappy appellant seeks to pry his leg loose from this technical trap by use of a technical log.

Citing still more Texas law and rules, he contends that under the following the proceedings were a nullity from the beginning because his special appearance and motion to quash were filed by Michigan lawyers not licensed to practice law in the State of Texas:

"All persons who are now or who shall hereafter be licensed to practice law in this State shall constitute and be members of the State Bar, and shall be subject to the provisions hereof and the rules adopted by the supreme court of Texas; and all persons not members of the State Bar are hereby prohibited from practicing law in this State." . Revised Civil Statutes of Texas, art 320a-1, § 3.

"Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." Texas Rules of Civil Procedure (1955), Rule 7.

"A reputable, nonresident attorney, although not licensed to practice in Texas, may participate in the trial or hearing of any particular cause in this State, provided a resident practicing attorney of this State is actually employed and associated and personally participates with such nonresident attorney in such trial or hearing." Rules Governing Admission to the Bar of Texas, as amended on January 27, 1954, Rule X(1).

The statute and rules quoted above were apparently admitted as a portion of the record before the Wayne circuit court entitled "exhibit A," as was a certain judge's certificate signed "E. D. Salinas, Judge 111th Judicial District of Texas."

The latter, after reciting receipt of appellant's special appearance and motion to quash, and quoting the accompanying letter, said as follows:

"In compliance therewith the district clerk called this court's attention to the Stone letter and received

the court's instruction to file it as requested by defendants' counsel."

The judge's certificate then recited the overruling of the motion to quash, cited the notice to appellants sent by his clerk, and concluded with noting final judgment was entered on April 30, 1955, before said court.

It is quite apparent that the appellants, who sought to appear for one purpose, were graciously granted that leave by the Texas district judge for an entirely different purpose; and his judgment is based thereon.

The full faith and credit clause of the United States Constitution (art 4, § 1) requires recognition of the judgments of sister States. Nonetheless, of course, collateral attack may be made in the courts of this State by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it. *People* v. *Dawell,* 25 Mich 247 (12 Am Rep 260); *Farrow* v. *Railway Conductors' Assn.,* 178 Mich 639; *Smithman* v. *Gray,* 203 Mich 317; 6 Callaghan, Michigan Pleading & Practice, § 42.127, p 598 ff.

It is appellants' claim here that the Texas judgment was void because based on a "void" appearance by out-of-State lawyers. As previously noted the Texas statute says, in part, "and all persons not members of the State Bar are hereby prohibited from practicing law in this State." In the instant matter the district judge ordered the filing of the special appearance and motion from out-of-State counsel without any showing of Texas admission or retention of Texas counsel. Did he have a right to do so? Or did the apparent conflict between the statute quoted and appellants' attempt to appear specially through non-Texan counsel render his

pleading, the judicial order for filing same, and the subsequent judgment void?

The customary practice in the 48 States is to allow appearance of nonresident attorneys in a particular case *ex gratia*—as a matter of courtesy.

"It is the general practice of the courts of record in the several States to permit members of the bar in other States to appear as counsel on the trial or argument of causes.  No license is necessary or proper for that purpose, the usual and proper practice being for the court in which the case is pending to grant leave, *ex gratia,* for the occasion.  Such right, however, exists merely by privilege and permission, and it seems that in some jurisdictions, while a nonresident attorney may try or assist in the trial or conduct of a pending action of proceeding, he has no authority to commence an action therein."  5 Am Jur, Attorneys at Law, § 16, p 272.

And the statutes pertaining to admission to the bar in most States, including Michigan, authorize such authority in their various courts of record. CL 1948, § 601.49 (CLS 1954, § 601.50 [Stat Ann § 27.69, Stat Ann 1955 Cum Supp § 27.70]).

It would be difficult to argue that the Texas statute quoted is a flat interdiction against the sort of permission to practice granted here by the Texas court—particularly since neither party was able to quote, or this court to find, a Texas case which interpreted the statute in a similar situation.

Assuming, however, for the moment that a fair interpretation of the statute would declare illegal this non-Texan appearance, does it also serve to invalidate as *ultra vires* the permission granted by the Texas judge?

From time immemorial attorneys-at-law have been recognized as officers of the court, and the power to admit to legal practice has been recognized as one of the inherent powers of the court. *Ayres* v.

*Hadaway,* 303 Mich 589. Corpus Juris Secundum on our specific point says:

"While, as shown above, a citizen of one State, although possessed of all the requisite qualifications, has no absolute right to be admitted to practice in the courts of another State, one who is a regularly licensed attorney in one State is generally given, by universal usage and comity, the privilege to practice in the courts of other States in particular cases without going through the formality of admission and license, and the power of the legislature to provide the manner, terms, and conditions of the admissions of attorneys to practice, does not deprive the courts of their inherent power, as a matter of comity, to permit an attorney from a sister State to appear and present argument in a particular case." 7 CJS, Attorney and Client, § 15(b), p 723.

On occasion, when required to do so, the courts have defended this inherent power over admissions to practice before them from legislative encroachment. *In re Day,* 181 Ill 73 (54 NE 646, 50 LRA 519); *In re Mosness,* 39 Wis 509 (20 Am Rep 55).

The inclination of the courts to maintain control of the right to admit nonresident counsel for practice in a particular case *ex gratia,* even with statutes seeming to speak to the contrary, has been illustrated in a number of instances. *Tuppela v. Mathison,* 291 F 728; *Freeling v. Tucker,* 49 Idaho 475 (289 P 85). In this latter case, page 479, the court said:

"The power of the legislature to provide the manner, terms, and conditions of the admission of attorneys to practice, does not deprive the courts of their inherent power, as a matter of comity, to permit an attorney from a sister State to appear and present argument in a particular case. It is the usual practice of courts to permit members of the bar in other States to appear as counsel on the trial or argument

of causes, without obtaining a general license, the custom being to grant leave *ex gratia* for the occasion."

In the absence of any showing from Texas courts to the contrary, we believe that the order from the 111th district judge of the State of Texas to his clerk to file the instant special appearance and motion must be held a legitimate use of that power. And we feel constrained to hold, as did the Wayne circuit judge, that the Texas judgment based thereon is entitled to full faith and credit in Michigan.

The judgment of the lower court is affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred with EDWARDS, J.

BOYLES, J., concurred in the result.