DELPH v. SMITH.

1. JUDGMENT—JURISDICTION—DEFECTS IN SUMMONS—WAIVER—NEW YORK.

Defects in summons in New York action in that no return date and no county designated for trial are shown and certification of the complaint by plaintiff was dated some 2 months after date of the complaint and proof of service of the complaint are not jurisdictional and subject to timely amendment or waiver unless the opposite party has been prejudiced by them.

2. SAME—DEFECTS IN SUMMONS—PREJUDICE.

Defendant in action on New York judgment could not have been prejudiced by defects in summons in New York, where he claims never to have seen such documents.

3. SAME—COLLATERAL ATTACK—JURISDICTION—SERVICE OF PROCESS.

A collateral attack upon the service of process in another State, attested by a judicial officer, may be made by party who was shown not to have been personally served, in order to show a lack of jurisdiction.

4. SAME—FULL FAITH AND CREDIT—WANT OF JURISDICTION.

The full faith and credit clause of the Constitution of the United States requires recognition of the judgments of sister States but collateral attack may be made in the courts of this State by showing that the judgment sought to be enforced was void

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 5, 6] 30A Am Jur, Judgments § 881.
[4] 30A Am Jur, Judgments § 880.

for want of jurisdiction in the court which issued it (US Const, art 4, § 1).

5. SAME—COLLATERAL ATTACK—JURISDICTION—BURDEN OF PROOF—EVIDENCE—CORROBORATION.

The party being sued in this State on the judgment of a sister State and who subjects such judgment to collateral attack for lack of jurisdiction in the court which rendered it because of lack of service of process has the burden of proof of showing that he was not served with a summons in the sister State by clear and convincing proof and with substantial corroboration as the officer's return of service is presumed to be true.

6. SAME—JURISDICTION—SERVICE OF PROCESS—EVIDENCE.

Trial judge's finding that New York judgment was invalid for want of service of process on defendant in New York *held*, supported by record showing his lack of knowledge of such default judgment and continuance of his residence in that State for a year and a half after the entry of judgment without attempt to enforce it there or for several years more.

7. PROCESS—DENIAL—CIRCUMSTANTIAL EVIDENCE—RETURN—FINDING OF TRIAL JUDGE.

Any circumstantial evidence worthy of consideration in support of denial of service, presented by the interested party, will suffice to make the denial of service of process prevail over the officer's return, providing that the trial judge so considers.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted May 29, 1958. (Docket No. 102, Calendar No. 47,389.) Decided September 10, 1958.

Assumpsit by Marion F. Delph against Gordon R. Smith on a judgment entered in the State of New York. Judgment for defendant. Plaintiff appeals. Affirmed.

*Arthur C. Lumley,* for plaintiff.

*Moll, Desenberg, Purdy & Glover,* for defendant.

EDWARDS, J. Plaintiff and appellant brought suit in assumpsit in Wayne county circuit court against her former husband, the defendant and appellee

herein. The suit was based upon a default judgment entered in her favor in the supreme court of New York on August 3, 1948, in the sum of $2,763.95, plus interest.

By answer and at trial the defendant-appellee attacked the New York judgment as invalid because of defects in the summons and complaint, and because he claimed that he had never been personally served.

The defects complained of are that, on the summons as contained in this record, no return date and no county designated for trial are shown, and that the certification of the complaint by plaintiff is dated July 29, 1948, whereas the complaint is dated May 26, 1948, and the proof of service indicates service on May 29, 1948.

At trial of this matter before the circuit judge, the plaintiff offered a certified copy of the judgment, a proof of service of the summons and complaint indicating service of same by a deputy sheriff, and an affidavit showing that defendant was not in military service on July 15, 1948. Plaintiff then called defendant under the statute, elicited proofs of the marriage and divorce of the parties, and the fact that on the date of claimed service and for 2 years thereafter defendant lived in New York in Westchester county, and rested.

On further examination of defendant by his own counsel, and later by opposition counsel, defendant emphatically denied service of the summons and complaint upon him, and further denied any knowledge of entry of the default judgment until commencement of the suit in Michigan.

It appears from this record that judgment was entered August 3, 1948. It likewise appears without dispute that defendant was a resident of New York's Westchester county for at least a year and a half thereafter. The record discloses no attempt

to enforce the judgment during that period, or for several years thereafter.

As to the defects in the summons, it appears clear to this Court that the later New York rule, supported by more authority, is that such defects are not viewed as jurisdictional and are regarded as subject to timely amendment or waiver unless the opposite party has been prejudiced by them. *Elder* v. *Morse,* 214 App Div 632 (212 NYS 581); *Barth* v. *Owens,* 178 Misc 628 (35 NYS2d 632); *Sivaslian* v. *Akulian,* 166 NYS 535; *Meyers* v. *Jeffe,* 108 NYS2d 606. See annotation, 97 ALR 746.

Patently, the omissions or errors in the documents which defendant-appellee claims never to have seen could not have worked to his prejudice.

Considerably greater difficulty, however, attends decision on the remaining point in this case. Under English common law and under the case law of some of our States, no collateral attack upon service attested by a judicial officer is permitted. 72 CJS, Process, § 100.

The long-established rule in Michigan is, however, to the contrary. In *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich 207, this Court allowed direct attack upon an officer's return of service in the same proceeding.

And Justice Potter held that an Illinois judgment was subject to attack by one who was shown not to have been personally served. *Stewart* v. *Eaton,* 287 Mich 466 (120 ALR 1354).

The general rule is stated thus in ALR:

"It appears to be the general rule that, where an action is brought in one State on a judgment rendered in another State, the officer's return of service of process in the sister State is not conclusive as to the parties, and may be attacked to prove lack of jurisdiction. *Bryant* v. *Shute* (1912), 147 Ky 268 (144 SW 28); *Carleton* v. *Bickford* (1859), 13 Gray (79

Mass) 591 (74 Am Dec 652). And see *Stier* v. *Iowa State Traveling Men's Association* [199 Iowa 118, 201 NW 328] (reported herewith), *ante,* 1384. See, also, *Rand* v. *Hanson* (1891), 154 Mass 87 (28 NE 6, 12 LRA 574, 26 Am St Rep 210); *Arapahoe State Bank* v. *Houser* (1916), 162 Wis 80 (155 NW 906); *Wilson* v. *Jackson* (1847), 10 Mo 329: Compare *Smolinsky* v. *Federal Reserve Life Insurance Co.* [126 Kan 506, 268 P 830] (reported herewith), *ante,* 1394." 59 ALR 1398.

We recently restated the same principle as to Michigan:

"The full faith and credit clause of the United States Constitution (art 4, § 1) requires recognition of the judgments of sister States. Nonetheless, of course, collateral attack may be made in the courts of this State by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it. *People* v. *Dawell,* 25 Mich 247 (12 Am Rep 260); *Farrow* v. *Railway Conductors' Association,* 178 Mich 639; *Smithman* v. *Gray,* 203 Mich 317; 6 Callaghan, Michigan Pleading & Practice, § 42.127, p 598 ff." *Johnson* v. *DiGiovanni,* 347 Mich 118, 126.

Clear as the above authority may sound, our current case is not easy to decide. The quantum of evidence required by our Court to overthrow proof of service regular on its face is considerable.

The circuit judge who heard the suit in Wayne county received briefs on this problem and entered a formal opinion which accurately stated the general rule pertaining to the evidence required, thus:

"The burden of showing that he was not served with summons in the New York court falls on the defendant. There is a presumption in favor of an officer's act, and that his return is true. Therefore, the burden does fall upon the person who attacks it to show clearly and convincingly that the return is false. The rule is well stated in the case of *Clabaugh*

v. *Wayne Circuit Judge,* 228 Mich 207, where it was said (p 211):

" 'That the party attacking an officer's return has the burden of overcoming the verity which attaches to the unqualified official return of an officer acting under his official oath to the satisfaction of the court required to determine the fact, there can be no doubt.'

"Generally the courts have hesitated to set aside a process on the claim of the defendant alone that he was not served. In the case of *August* v. *Collins,* 265 Mich 389, the court rejected the naked claim of the defendant that he was not served with process, and stated (p 395):

" 'Collins' claim that he had not been served with process rests upon his positive denial of service and his uncertain relation of circumstances, some of which were told him by his wife. There was no corroboration. In a direct attack upon the judgment, corroboration would have been necessary to impeach the return of service.'

"In *Alpena National Bank* v. *Hoey,* 281 Mich 307, it was held (p 312):

" 'The security of judicial proceedings demands that the showing to impeach an officer's return of service of process shall be clear and convincing, *Garey* v. *Morley Brothers,* 234 Mich 675, and with substantial corroboration of a defendant's denial of service, *August* v. *Collins,* 265 Mich 389.'

"Plaintiff, from the foregoing citations, contends that more than the naked claim of denial of personal service must be made by the person who asserts lack of personal service."

The trial judge, with these principles in mind, proceeded to determine as a matter of fact that there had been no personal service upon defendant-appellee, and that the New York judgment was invalid for want of jurisdiction. Reciting that defendant, on the witness stand before him, "not only denied service but [also] denied any knowledge of the judgment

being entered until the case was started in Detroit," he characterized the testimony of the defendant as "clear and convincing."

Plaintiff-appellant in this matter relied entirely upon the certificate of service and judgment. We are confronted, on the contrary, by the strong and unequivocal finding of fact of the judge who heard the case.

We note that there is no address beyond the name of the town given on the proof of service as to where service was had.

In addition, there is the unrefuted and unexplained lengthy delay in any attempt to enforce the judgment.

Confronted by a somewhat similar record, the supreme court of Wisconsin affirmed a trial judge's finding of want of jurisdiction for enforcement of an Illinois decree, with these words:

"Any circumstantial evidence worthy of consideration in support of the denial of service by the interested party, will suffice to make the denial prevail over the return, providing, of course, that the trial judge so considers." *Mullins* v. *LaBahn*, 244 Wis 76, 83 (11 NW2d 519).

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.