■ DANIEL E. RONAN et al., Respondents, v J.J.D. FOOD SERVICES INC., Defendant, and JEREMIAH LYNCH, Appellant.— In an action, inter alia, to recover on a corporate debt allegedly guaranteed by the defendant Jeremiah Lynch, the defendant Jeremiah Lynch appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated May 28, 1985, which denied his motion to vacate a default judgment entered against him.

Order affirmed, without costs or disbursements.

Although the summons did not specify the number of days within which the appellant had to serve an answer if he was personally served within this State, such an omission did not render the subsequently obtained default judgment "absolutely void" or jurisdictionally defective (see, Gribbon v Freel, 93 NY 93, 96-97; Elder v Morse, 214 App Div 632; Delph v Smith, 354 Mich 12, 91 NW2d 854). We note that the summons did specify the number of days that the defendant had to serve an answer if he was not personally served within this State, to wit, 30 days. Accordingly, it is inconceivable that the defendant, who was personally served in New York State, could have reasonably believed that he had more than 30 days to serve an answer (cf. State ex rel. Kalich v Bryson, 253 Ore 418, 453 P2d 659). Nevertheless, the defendant did not serve an answer within 30 days, nor did he respond to the notice sent by the plaintiff, pursuant to CPLR 308 (5), prior to the entry of the default judgment. Under these circumstances, the defendant has not demonstrated a valid excuse for his default and Special Term did not abuse its discretion in denying his motion to vacate same. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.